ST, PAUL, J.
 

 Plaintiff sues for the value of his stolen automobile insured against theft by defendant. The defense is that he breached the following warranty clause of the policy, to wit:
 

 “In consideration of a reduction in premium, it is warranted by the insured that the automobile insured under this policy will be continuously equipped with a locking device, known as ‘Sargeant lock.’ The insured undertakes during the currency of this policy, to use an diligence and care in maintaining the efficiency of said locking device and in locking the automobile when leaving it unattended.”
 

 I.
 

 It is clear that the. meaning of said warranty is that the insured shall make use of said locking device when leaving the automobile unattended. Por a “locking device” which is merely to be attached to an automobile, but not to be used to secure the automobile when left unattended, answers no conceivable purpose, and therefore would not be an inducement for “a reduction in premium” upon a policy insuring against the theft of the automobile to which it is attached.
 

 II.
 

 The .locking device known as the “Sargeant lock,” secures the “transmission” mechanism of the automobile; it is different from the “switch,” which operates the “ignition” and which may. also be
 
 locked.
 
 The “Sargeant lock” is locked by pressing down a push-button in the bottom of the car; it is unlocked by means of a key inserted in a keyhole, also at the bottom of the car. The “switch” is locked and unlocked by means of a key inserted in a keyhole on the dashboard of the car, right in front of the driver.
 

 III.
 

 Plaintiff testifies that when he left his car he locked “the transmission,” but did not try the gear shift to see if the lock would hold, and does not know whether the lock took effect ; that he did not tell the defendant’s adjuster and its attorney that he had not locked the transmission, but on the contrary had told them that he
 
 had
 
 locked the transmission, but had not locked the
 
 switch.
 
 His wife and a young lady friend of hers, who were with him, testify that plaintiff, as he got off the car, asked them to wait a moment so that he could “close the car.”
 

 On the other hand, the adjuster for the defendant and its attorney testify that plaintiff told them he had locked only the
 
 switch,
 
 and had not locked the “transmission.” And the adjuster testifies further, that plaintiff told him that “he never used that lock [i. e. the transmission lock], for the reason that he is very stout and it was difficult for him to stoop down to lock [unlock?] it. * * * And he even stooped down to show me how difficult it would be for him to use a key — to turn the key.”
 

 IY.
 

 In this conflict of testimony the trial judge, who saw and heard the witnesses, evi
 
 *263
 
 dently believed those for the defendant; and we see no manifest error in his having done so. Their testimony is even corroborated by a physical fact — the ease witli which the thief drove off with the car. For a disinterested witness, who actually saw the theft committed (but without realizing, at the time, that it was a theft), testifies that the thief stepped into the car almost immediately after plaintiff left it, and that he simply took his seat at the wheel and drove off without difficulty or even hesitation.
 

 And this court has repeatedly and uniformly held that-the burden rests on the appellant to show that the judgment appealed from is erroneous; that in cases involving only issues of fact the finding of the trial judge or jury will not be disturbed unless there be manifest error- and such error pointed out; that a mere pointing out of conflicting evidence is not á pointing out of error. Hanton v. N. O. & C. R. L. & P. Co., 124 La. 562, 563, 50 So. 544; Winn v. Strickland, 151 La. 235, 91 So. 719; Wall v. Dudley, 152 La. 911, 94 So. 441; Davitt v. Long-Bell Farm Land Corporation, 162 La. 59, 110 So. 88; Grau v. Consolidated Dredging & Mfg. Co., 162 La. 205, 110 So. 202.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.