## No. 2307

### Second Circuit

---

## COMMERCIAL NATIONAL BANK OF SHREVEPORT v. MARRS AND BLANTON

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Appeal—Par. 625, 636.**
A showing of conflicting evidence is not sufficient to cause appellate court to reverse the decision of the trial court where no manifest error is pointed out.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Commercial National Bank of Shreveport against W. G. Marrs and W. M. Blanton.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The plaintiff, Commercial National Bank, held for collection twelve notes of defendant, W. G. Marrs, the first of which matured on August 15, 1922, the second on October 15, 1922, and the others on the 15th day of each successive month, the last maturing on August 15, 1923.

The payments which were made by defendant and his wife were customarily credited on the note due at the time of the payments and the note marked paid and delivered to defendant as of the date of the payment, and it is conceded that the notes were paid on or about maturity as they fell due until the fourth note matured on December 15, 1922, when a part of the amount due was paid and the balance carried one month, and after that time the date of maturity of the other notes, that is, those maturing after January, 1923, were extended for a period of one month.

The parties concede that all of the notes were paid except the note maturing on its face on June 15, 1923, which is the note sued upon, and it appears that that note was also marked "paid", which the plain-

tiff alleged was made in error and which error in so far as the mere marking of the note paid we think is conclusively established; however, while defendant does not contend the note was paid on the date it was marked paid, yet he contends that it was in fact paid, or if the payments made him had been applied to the obligations as they matured the note in question was paid.

The parties concede that the notes maturing on their face on July and August 15, 1923, were paid, and the dispute arises as to payments prior to that time; however, the notes, with the exception of the note sued upon, show they were marked paid on the dates which correspond with the dates of the checks drawn by defendant or his wife, except that one note was marked paid and delivered when there was a note of prior maturity held by the bank, which error was corrected without injury to defendant at the time of the next payment; and from this point of view the record clearly indicates that the note maturing on its face on June 15, 1923, or the note sued upon, was not paid.

The contention of defendant appears to be that he had paid one of the notes in cash, and that his wife had paid one which had not been delivered to her at the time of the payment. However, the defendant himself was unable to state to whom or when the cash payment was made, although it appears certain that he did not pay the note maturing on its face on June 15, 1923, and although plaintiff's wife was of the opinion that she had paid one of the notes maturing on its face prior to June which was not delivered to her she was not certain, and we find the evidence clearly shows she was in error.

The learned trial judge gave a written opinion in which, we think, he thoroughly and properly reconciled the testimony presented in the case, and although there was evidence introduced which may be said to conflict with the conclusion, yet there was certainly ample evidence to support it.

"On appeal in cases involving only issues of fact, the judgment will not be disturbed unless manifest error is pointed out, and showing of conflicting evidence is not sufficient."

Pisciotte vs. Indemnity Co., 164 La. —, 113 So. 840.

The judgment is affirmed.