**No. 2359**

**Second Circuit**

---

**LIVINGOOD v. PLANTERS OIL MINERAL CO., INC.**

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1.   **Louisiana Digest—Evidence—Par. 340, 342, 345, 352.**

The testimony of one of the directors of a corporation tending to show that the resolution on the minute book was not correct will not overcome the presumption supported by the testimony of plaintiff, secretary and also director of the corporation, that the resolution was correctly transcribed.

**2.  Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact will not be disturbed unless there is manifest error. The showing of the conflicting testimony is not sufficient.

Appeal from the First Judicial District Court, Parish of Caddo.

Action by W. E. Livingood against Planters Oil Mineral Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant appellant.

WEBB, J. The plaintiff, W. E. Livingood, secretary and treasurer of the defendant, Planters Oil Mineral Company, Inc., a corporation, obtained judgment against the corporation for salary beginning from May 1, 1922, to July 1, 1924, and the defendant appeals.

On trial the plaintiff offered the minutes of the board of directors showing that the salary claimed by him had been fixed by the directors, and he also showed by the minutes of subsequent meetings that the minutes showing the allowance of salary had been read and approved by the board of directors and plaintiff testified as to the correctness of the minutes, in which he was supported by the testimony of one of the directors who had attended the meeting at which the minutes of previous meetings were read and approved; and the only defense interposed (which was by way of introducing parol testimony on the trial) was evidence tending to show that the minutes were not correct in that the resolution which was passed by the board of directors provided for the payment of a salary only on the happening of certain conditions.

While there was some conflict in the testimony as to the wording of the resolution in which plaintiff's salary was fixed, and as to whether the minutes of the meeting as shown by the transcript from the minute book was in accord with the resolution offered, and passed at the meeting, yet the presumption is that the minutes as transcribed on the minute book were correct, and the minutes of the subsequent meeting showing that such minutes had been read and approved, and the correctness of the minutes being supported by the testimony of the plaintiff and one of the directors who was present when the minutes were read and approved, we do not think the testimony of one of the directors tending to show that the resolution as transcribed on the minute book was not correct overcame the presumption, supported as it was by the testimony of the plaintiff, secretary and one of the directors.

Besides the director who testified as to the incorrectness of the minutes as transcribed had severed his connection in that respect with the company, shortly after the resolution in question had been passed, and while his testimony proved that there had been some discussion of a resolution differing from that transcribed on the minutes, he did not undertake to state what the resolution was further than by reference to some notations which had been made by one of the directors who was present at the meeting.

"On appeal in cases involving only issues of fact, findings of the trial court will not be disturbed, unless manifest error is pointed out, and showing of conflicting testimony is not sufficient."

Hanton vs. Railway Co., 124 La. 562, 62 So. 544.

Winn vs. Strickland, 151 La. 235, 91 So. 719.

Wall vs. Dudley, 152 La. 911, 94 So. 441.

Grau vs. Consolidated D. & Mfg. Co., 162 La. 205, 110 So. 202.

The judgment appealed from is therefore affirmed.