THOMAS J. McCORMICK, Respondent, v. THE POTOMAC INSURANCE COMPANY OF THE DISTRICT OF COLUMBIA, Appellant.

(Argued December 1, 1930; decided January 6, 1931.)

*P. C. Dugan* for appellant. The plaintiff failed to use all care and diligence in maintaining the efficiency of the locking device in locking the automobile when leaving the same unattended. (*Kean* v. *National Surety Co.*, 241 N. Y. 252; *Sattler* v. *Hallock*, 160 N. Y. 297; *Doerr* v. *National Fire Ins. Co.*, 315 Mo. 266; *Billet* v. *Pennsylvania Fire Ins. Co.*, 101 N. J. L. 546; *Allgood* v. *Hartford Fire Ins. Co.*, 186 N. C. 114; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22.)

*Walter L. Collins* for respondent. At the time plaintiff's car was stolen he was exercising the due and reasonable degree of diligence that the terms of the policy imposed upon him. (*Garcia S. & Co.* v. *Taggart Coal Co.*, 27 Ga. App. 204; *De Hart* v. *Haun*, 126 Ind. 378; *Allgood* v. *Hartford Fire Ins. Co.*, 186 N. C. 414; *Grabbs* v. *Farmers' Mut. F. S. Assn.*, 125 N. C. 399; *Bray* v. *Virginia F. & Ins. Co.*, 139 N. C. 393; *Ocean Acc. & Guarantee Corp.* v. *Piedmont R. & El. Co.*, 179 N. C. 406; *Underwood* v. *State L. Ins. Co.*, 185 N. C. 540; *Asbury* v. *Charlotte Electric R. & Power Co.*, 125 N. C. 568; *Drum* v. *Miller*, 135 N. C. 208; *Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24.)

Hubbs, J. This is an action on an insurance policy to recover from the defendant insurance company the damage caused plaintiff because of the theft of his automobile.

The policy contained a clause which reads: " In consideration of a reduction in premium, it is warranted by the insured that the automobile insured under this policy will be continuously equipped with a locking device known as Peerless (approved by the Underwriters' Laboratories of the National Board of Fire Underwriters and bearing their label).

" The insured undertakes during the currency of this policy to use all diligence and care in maintaining the efficiency of said locking device in locking the automobile when leaving same unattended."

The defense interposed is that the plaintiff breached the promissory warranty contained in the clause quoted.

The facts surrounding the theft of the plaintiff's automobile briefly stated are as follows: The plaintiff at about seven o'clock P. M. upon his return from a ride in his automobile, stopped it at the curb on a city street in front of his residence. He left it unlocked with the motor running and the door toward the sidewalk open. He walked to the front door of his residence, thirty feet from the curb, opened the door and walked fifty feet to the rear of the house to get his overcoat. Upon his return to the front door he discovered that his automobile was gone. During the interval a thief had driven it away. It was dark at the time and the street lights were lighted. There was one about fifty feet from the automobile. A neighbor of the plaintiff was walking on his porch about thirty feet from the automobile and there were people on the street.

The learned referee to whom the action was referred found that the plaintiff failed to comply with the clause of the policy in question and dismissed the complaint upon the merits. The Appellate Division by a divided court reversed the findings of the referee, made new findings and directed judgment for the plaintiff for the stipulated amount of damages.

Concededly a proper " locking device " was attached

to the automobile and it was in proper order and condition. The presence, however, of such a device upon an automobile is not of the slightest advantage and offers no inducement to an insurance company to grant a reduction in the premium for an insurance policy. The inducement to the insurance company to grant a reduction in the premium is the promise of the insured to make use of the " locking device " when leaving the automobile unattended.

The plaintiff agreed " to use all diligence and care * * * in locking the automobile when leaving same unattended." We agree with the Appellate Division that those words mean that an insured shall exercise due diligence and care — the diligence and care which one of ordinary prudence would exercise under the circumstances.

We do not construe the clause as meaning that the insured shall never leave the car unlocked. Such a construction would be unreasonable and not justified by the language used. If a sudden emergency arises, such as an accident, a driver may be justified in leaving an automobile temporarily without locking. So if a driver steps out of a car to purchase something and the car is within his view. Many illustrations of similar situations might be given. In most cases a question of fact will be presented, the determination of which will depend upon all the circumstances of the case.

In the case at bar the referee treated the question as one of fact and found that the plaintiff failed to use " all diligence and care " when he left the automobile unlocked after dark on a city street with the motor running and the door adjacent to the sidewalk open so that all that a thief would have to do in order to take the automobile would be to release the brake, throw in the clutch and drive away. The finding of the referee was justified by the evidence. The plaintiff failed to carry out the agreement which he made and cannot, therefore, under

the terms of the policy, require the defendant to make good his loss. The plaintiff's agreement was based upon a valid consideration — a reduction in the premium on the policy. (*Billet* v. *Pennsylvania Fire Ins. Co.*, 101 N. J. L. 546; *Pisciotte* v. *Indemnity Co.*, 164 La. 260; *Ward* v. *Alliance Ins. Co.*, 55 Ont. L. R. 451.)

We find nothing in the opinion in the case of *Allgood* v. *Hartford Fire Ins. Co.* (186 N. C. 415) in conflict with the views which we have expressed. The plaintiff in that case went into his house and left his automobile unlocked. It was stolen and an action was brought to recover upon a policy containing a clause similar to the one in the policy in question. The trial court granted a nonsuit. The Supreme Court held that under the facts in that case a question of fact was presented.

In *Doerr* v. *National Fire Ins. Co.* (315 Mo. 266) the court held as a matter of law that the plaintiff who had left his car at night unlocked in his garage from which it was stolen could not recover from the defendant insurance company as a clause in the policy provided: " The insured would not leave the automobile without locking the device." In that case the agreement was absolute. Under the policy in question the agreement was to use diligence and care.

The judgment of the Appellate Division should be reversed and judgment entered upon the report of the referee affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.