FULLER v. MOORE

---

(February 15, 1932. Opinion and Decree.)

---

· Thomas Tomeny, of New Orleans, attorney for plaintiff, appellee.

Henry G. Neyrey, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit to recover damages alleged to have resulted from an intersectional automobile collision at the corner of Washington avenue and Howard street on February 21, 1930.

The petition alleged that, while plaintiff's car was stopped on the roadway adjacent to the neutral ground of Howard street, defendant's car swerved over and ran into it while running in excess of 30 miles per hour.

Defendant denied liability, and pleaded contributory negligence, and, in reconvention, averred that the accident resulted from the negligence of the plaintiff in operating his car at an excessive rate of speed; in failing to stop on the neutral ground and to blow his horn in compliance with the provisions of the traffic Ordinance No. 7490, C. C. S., and in driving on the wrong side of the street.

There was judgment in favor of plaintiff as prayed for and dismissing the reconventional demand. Defendant has appealed.

The record shows that plaintiff was driving his Whippet coupe automobile on Washington avenue, a two-way paved thoroughfare, in the direction of the lake; that defendant was driving a five-passenger Dodge sedan uptown on Howard street, which has a neutral ground in the center,

on which are located street car tracks and paved roadways on each side; that these two streets intersect at right angles; that the traffic light had been turned off, as it was 11:30 p. m.; that the weather was clear and the street was dry; that the automobiles collided in the intersection on the lake side of Howard street, the left front wheel and fender of defendant's car striking the right front side of plaintiff's car. The Whippet car came to rest in the roadway of Washington avenue adjacent to the uptown lake side of the neutral ground on Howard street. The Dodge sedan stopped 45 feet from the point of collision up Howard street on an angle of twenty-five degrees facing the lake sidewalk curbing of Howard street.

In proof of the allegations of the petition, plaintiff, age 29 years old and a salesman for the Loose-Wiles Biscuit Company, and the young lady, who was riding as a passenger in his car, testified that the Whippet car had come to a full stop on the neutral ground roadway of the intersection with its front end about even with the Howard street uptown roadway when defendant's car, coming up Howard street at a very fast rate of speed, ran into it. Plaintiff says that defendant's car stopped about 170 feet from the place of impact, the young lady estimates it at a considerable distance, but the distance is fixed by defendant's sole witness other than himself as 45 feet. Defendant says he stopped within 20 feet.

Defendant, as a witness in his own behalf, admits that he approached the intersection at a rate of speed of 25 miles per hour; that he did not see plaintiff's car until it had crashed into his car, but says that, as he neared the intersection, he looked to his right and left for traffic, slowed down to about 10 miles per hour,

and looked at the traffic light to see if it was working, then accelerated his car to 15 miles per hour, and at that time the collision occurred.

Nellie Andrews, the only other witness for defendant, testified that she was standing on the uptown lake corner of the intersection; that she noticed the defendant's car approaching the intersection at about 25 miles per hour; that she did not see the collision, and was first attracted by hearing the crash. Both defendant and this witness admit that, after the accident, plaintiff's car was in the roadway adjoining the neutral ground in the intersection.

We experience little difficulty in arriving at the conclusion that defendant was guilty of negligence because he admits that he did not see plaintiff's car at all until the moment of impact. There was nothing to intercept his view, and the lights on plaintiff's car were burning; therefore, if defendant had been keeping a proper lookout, he would have seen plaintiff's car.

It also appears to us that defendant's car was being operated at an excessive rate of speed, because defendant's own witness estimates that he stopped his car 45 feet from the point of collision.

As to whether plaintiff was guilty of contributory negligence, it appears to us that the preponderance of the evidence shows that his automobile came to a full stop on the neutral ground roadway with its front end approximately even with the curbing of the neutral ground towards the lake side. It is true he did not sound his horn, but it was not necessary for him to do so, because he was according defendant the right of way. The provisions of the traffic Ordinance No. 7490 C. C. S., require an automobile leaving the neutral ground to first come to a full stop, and,

secondly, to blow its horn for the purpose of acquiring the right of way. Therefore, since plaintiff was conceding defendant the right of way, the provisions of the traffic ordinance in question are not applicable.

There is no merit in defendant's contention that plaintiff was driving on the wrong side of the street.

The only circumstances in the case which at first, appeared to us to be contrary to plaintiff's position are those shown by the photographs of defendant's car. These pictures show that the left front wheel was damaged, the hub cap knocked off, and the left front fender from about slightly past the middle to its rear was bent back. The defendant contends that this indicates that plaintiff's car struck his, and therefore it was not stopped at the time of the collision. We believe the explanation of these physical facts is that defendant's car was traveling very close to the neutral ground curbing; that the bumper of plaintiff's car extended slightly beyond that point; that the left front hub cap of defendant's car and the right front portion of the bumper on the Whippet became engaged, causing the cars to be drawn together, with the result that the front wheel, fender, and running board of the Dodge sedan were damaged, as indicated by the photographs.

We have reached the conclusion that plaintiff was free from fault.

In cases involving only questions of fact and conflicting testimony, the burden rests on the appellant to show affirmatively that the judgment appealed from is manifestly erroneous. Pisciotte v. Indemnity Co., 164 La. 260, 113 So. 840; Livingood v. Planters Oil Mineral Co., Inc., 8 La. App. 37.

The bill covering the damages to plaintiff's car amounting to $114.85 is admitted by defendant to be correct, but the claim of $25 for rental of a car to be used in his business is disputed. Plaintiff testified that he paid the sum of $25 for the rental of a car to be used in soliciting orders for his employer. There is no evidence in the record to contradict this statement, and, as the trial judge allowed this item, we see no reason to disturb his finding in that respect.

For the reasons assigned, the judgment appealed from is affirmed.