W. W.’ Young, Judge ad hoc.
This is a suit to recover damages resulting. from an automobile collision which occurred at about 2:45 P.M. on the afternoon of August . 17, 1953, between two automobiles, one being a 1953 Pontiac owned-and drived .by’Hubert B. Plaisance, one of the plaintiffs, and the Other being a 1946 Hudson, owned by Gilbert R.- Saucier and driven by Mrs. Edwina Saucier, his wife, one of the defendants.- Plaintiff, Plaisance,,was driving on La. Highway No. 30, (also known as Barataría Boulevard), at Crown Point, Louisiana; Mrs. Saucier was backing her car out of the private driveway .of :her mother’s residence into the highway, and when partially across both lanes of the’ highway, and .without, leaving sufficient space on either side:.of,the highway for Plaisance to. pass. with. his automobile, Mrs.. Saucier killed her engine and the-tviro .vehicles came.-into, collision and each sustained damages. Plaisance also sustained personal injuries.
There was judgment in the .Twenty-fourth Judicial District Court for . the Parish of Jefferson in favor of Hubert B. Plaisance, -plaintiff, for ’$1,986 and against the defendants, Mrs. Edwina Saucier, Gilbert R. Saucier and Millers Mutual Fire -Insurance Company (the latter being the liability insurer of Saucier’s car) jointly and in solido.
There was also judgment in favor of Emmco Insurance Company (the collision insurer of Plaisance’s automobile) for $358.
*490 The reconventional demand of Gilbert R. Saucier for the damages sustained by his car was dismissed.
' Plaisance has answered the appeal, praying that the judgment be amended so as to increase the award for his personal injuries to $4,986.
The damage to Plaisance’s car amounted to $408.60, of which Emmco' Insurance Company paid. Plaisance $358 and took a subrogation from him therefor.
The written reports of Dr. Thos. Lee Duncan, Dr. L. K. Loomis and Dr. Jos. Di-Leo, all of whom examined Plaisance as to his personal injuries were received in evidence by stipulation in lieu of their testifying, with the further stipulation that Dr. DiLeo, in addition to his written report, would testify as follows:
“On August 17, 1953 I examined Hubert B. Plaisance at my office in Westwego, La., in regard to a lumbo-sacral sprain. X-rays were taken at that time, which were negative.
"My diagnosis of Mr. Plaisance’s. condition was that he had suffered an acute lumbo-sacral sprain.
“The treatment that I prescribed was the taking of analgesic tablets, and diathermic treatments which were administered to Mr. Plaisance at my office on August 22nd, 25th, 26th, 27th, 29th and 31st and on September 1st, 2nd, 4th, 5th, 6th, 7th, 8th, 9th, 11 and 18th, 1953.”
There was also offered by stipulation, bill of the Ochsner Clinic for the sum of $50.
Mrs. Saucier denies that her car was across or partially across both lanes of the highway and, on the contrary, testifies that her- car was on the proper side of the road. She admits that immediately after she had backed her car into the highway, the engine of her car became stalled.
The testimony shows that when Plaisance was approximately 250 feet from the point where the Saucier car was, he repeatedly sounded his horn expecting that Mrs. Saucier would clear the road for him to pass. He also applied his brakes in order to bring his car to a stop but the distance was too short and the road being wet, due to a slight drizzle, his car, despite his efforts, collided with the left side of Mrs. Saucier’s car.
We fail to find negligence on the part of Plaisance, but, on the contrary, we are of the belief that the sole cause of the accident was the negligence of Mrs. Saucier in backing out into the highway, where the legal speed was sixty miles per hour, without looking to see if the highway was clear, and she was further negligent in permitting 'the engine of her car to stall while she was partially across the ' highway.
We have, therefore, reached the conclusion that the amount of damagés allowed Plaisance for personal injuries is adequate.
As this Court said in Fuller v. Moore, 19 La.App. 93, 139 So. 679, 680:
“In the cases involving only questions of fact and conflicting testimony, the burden rests on the appellant to show affirmatively that the judgment appealed from is manifestly erroneous.”
• There is no manifest error in the judgment and it is affirmed at the cost of appellants.
Affirmed.