LOTTINGER, Judge.
This is a suit for personal and property damages to petitioner .resulting from an automobile accident. The defendants are Southern Production Company and its liability insurer, Fidelity & Casualty Company of New York. The Lower Court awarded judgment for petitioner in the amount of $1,500. The petitioner has filed this appeal.
The record discloses that at approximately 4:15 p. m. on January 19, 1956 the petitioner’s vehicle was struck in the rear by an automobile owned by the defendant, Southern Production Company, and which, at the time, was operated by its employee, Sammy Vaughan. Liability for the accident is admitted by the-defendants and the only question before this Court is the amount of damages suffered by the petitioner.
The record shows that the accident occurred on Highway No. 61 in Ascension Parish at approximately one mile north of Gonzales, Louisiana. Although the accident was investigated by an officer, no complaint of injury was made by petitioner and after the investigation was completed, he drove his car from Gonzales to Ville Platte before seeing a doctor. Petitioner contends that he attempted to see a doctor in Gonzales, however,, for some unknown reason, he did not see him. Upon arriving at Ville Platte, at approximately 9 o’clock that evening, petitioner was examined by Dr. R. E. Dupre. Dr. Dupre testified that the petitioner complained of pain in the area of his neck. X-rays were negative, and there were no objective symptoms of injury. Although there were no broken bones or objective symptoms, Dr. Dupre diagnosed the injury as a strain of the intervertebral ligaments and muscles of the neck, commonly called a whiplash injury. The diagnosis was based upon complaints of pain by the petitioner. The petitioner was admitted to Dr. Dupre’s clinic in Ville Platte, where he remained for a period of 13 days. During this period of time, he received electronic and diathermy treatments as well as sedatives, and also was treated for a cold which petitioner claims to have contracted as a result of exposure immediately following the accident. Dr. Dupre last saw the petitioner on February 22nd. Although he was never discharged by Dr. Dupre, the doctor testified that, the petitioner never returned to him after said date.
The defendants introduced one witness who saw petitioner on the streets of Ville Platte during the period in which he was supposed to be confined to the hospital, and Dr. Dupre admitted that at least on one occasion he knew that the petitioner left the hospital to attend to some business. As a matter of fact, petitioner admitted that he left the hospital on at least one occasion.
*487 Plaintiff demanded $10,000 for physical pain and suffering, $3,000 for loss of wages, $661 for medical and hospital expenses incurred and $62.50 as damages to his car over and above his collision policy. The Lower Court awarded a judgment in favor of petitioner in the total sum of $1,500. According to the reasons for judgment, said sum consisted of $200 for loss of wages, $62.50 for damages to the car, $486 for medical treatment, $100 as doctor’s fees and the balance of $651.50 for pain and suffering. In the reasons for judgment of the Lower Court, we note that the learned judge, after commenting on each item of damage, fixed his award for each respective item, and in the Lower Court’s reasons for judgment on the item for physical pain and suffering, after commenting thereon, stated as follows:
“In view of the fact that plaintiff was seen on the streets of Ville Platte within 4 days after the accident and on other days subsequently, I am forced to the conclusion that his claim for pain and suffering is grossly exaggerated.
“In the case of Plaisance v. Saucier [La.App.], 82 So.2d 489 the court held that an award of $1557.40 for personal injuries to man who had suffered an acute lumbo-sacral sprain which required taking of analgesiic tablets and diathermic treatments for a period of 16 days was adequate.
“In view of all the facts as disclosed by the evidence in this case, I am of the opinion that an award of $1500 will be just and adequate.”
The Lower Court then concluded in the following paragraph by awarding a judgment in favor of the plaintiff and against the defendant for the total sum of $1,500 thereby making the award for pain and suffering only $651.50 as hereinabove shown. The petitioner appeals claiming that the judgment is inadequate and the defendant has answered the appeal claiming the amount awarded is excessive and should he reduced.
The only expert testimony which we have in the record as to the injuries suffered by petitioner is that of Dr. Dupre. As stated above he found only subjective symptoms of injury which are disclosed by petitioner’s complaints of pain. During the thirteen day confinement in the hospital the petitioner, on at least three occasions, dressed himself and went into the streets of Ville Platte for the purpose of attending to some business for himself or his wife. The first, occasion was on January 23, then again on January 25 and again on February 1. It. certainly appears to us that the injuries to the petitioner were not of a very serious nature. By petitioner’s own admission, he drove his own automobile from the scene of the accident near Gonzales to the city of Ville Platte immediately after the accident. He did not arrive in Ville Platte until approximately 9 o’clock that evening, which-was some five hours after the occurrence of. the accident. Although he did state that he attempted to see a doctor in Gonzales, it-certainly appears to us that if he was suffering severe pains, he would have contacted a doctor either in Gonzales or somewhere along his route of travel. He passed through Baton Rouge and there are numerous doctors located there.
The record discloses that the damages to petitioner’s vehicle were in the amount of $270.71, all of which was paid by the petitioner’s insurance company except the deductible sum of $50 — the additional $12.50 was paid by petitioner for a replacement to an automobile tire which was damaged in the accident. There appears to be no dispute as to this item.
As to the award made by the Lower Court for pain and suffering we are of the opinion that same is inadequate. We are likewise of the opinion that the Lower Court intended to award this plaintiff the' sum of $1,500 for pain and suffering and cannot see how he could have arrived at the ' figure of $651.50 for same, but, in truth and in fact, intended to award plaintiff the sum of $1,500 for pain, and suffering, that is par *488 ticularly so after referring to the case of Plaisance v. Saucier, supra. We are of the opinion, however, that the award of $1,500 for pain and suffering is just and adequate under the circumstances and facts of this case and for that reason the judgment should be amended accordingly.
As to the loss of earnings, the Lower Court allowed $2.05 per hour, based upon the amount of time worked by his fellow employees. Petitioner was a cement finisher, and the Lower Court computed his damages for loss of earnings in accordance with the earnings of the other cement finishers who were working for the same company as petitioner. Petitioner contends that he was offered a job with another company for more money, however, a fellow employee who did go to work for this other company quit them when he was called back by his original employers. As to this item for loss of wages, we feel that the petitioner received adequate compensation. The award was based on the period from the time of the accident through March 10, 1956. The record shows that petitioner last saw his doctor on February 22nd, and although he had not been discharged he did not return for any further medical treatment. In view of this, it appears that pe-tioner must have recovered from any injuries he had sustained from the accident, and the only evidence which we have that would disclose any disability after February 22nd, was petitioner’s own uncorroborated testimony.
The next item of damages that the plaintiff complains of is the $661 for hospitalization and medical treatment submitted by Dr. Dupre and Audoin Sanitarium of Ville Platte. The bill introduced in the record was for thirteen days hospitalization and medical treatment in the amount of $449 plus out-patient charges of $37 and $175 for Dr. Dupre’s fee, and this bill is addressed to the plaintiff. As stated hereinabove, the Lower Court allowed the $486 for medical treatment and only $100 as doctor’s fees and disallowed $75 of Dr. Dupre’s bill. In this regard the Lower Court stated: “Since the doctor is owner or part owner of the hospital, it appears to me that his fee is excessive and that $100.-00 would be a reasonable charge.” There is nothing in this record which indicates or shows that this bill is excessive and in the absence of same and due to the fact that plantiff is charged with this amount we feel that plaintiff is entitled to a judgment for the full amount as shown on the bill.
Therefore for the reasons hereinabove assigned the judgment of the Lower Court will be amended by awarding $62.50 for car damages, $1,500 for pain and suffering, $200 for loss of wages and $661 for hospital and medical treatment making a total of $2,423.50.
Judgment amended and as amended affirmed.