LOTTINGER, Judge.
This is a suit for personal injuries resulting from an automobile collision. The petitioner is Thomas Mapes, who was driving one of the automobiles, and State Farm Mutual Automobile Insurance Company, the liability insurer of Ronald C. Rhyne, the driver of the other vehicle, is the defendant. Judgment was rendered in favor of petitioner and against defendant and both parties have taken an appeal.
The facts, which are without dispute, disclose that on April 14, 1958, petitioner, who had been driving along Scenic Highway in the Parish of East Baton Rouge, Louisiana, stopped at the intersection of Scenic Highway with Mohican Street awaiting the changing of the traffic light. After he had been so stopped for a few seconds, his truck was struck in the rear by an automobile driven by one Ronald C. Rhyne. The impact was a slight one, the evidence disclosing that the damages to petitioner’s vehicle was only in the amount of approximately $10, and the damages to the defendant’s vehicle was in the amount of approximately $25.
As a result of the impact, petitioner claims that he received certain injuries to his neck, described as a whiplash injury, as well as injuries to his back, which he describes as a herniated intervertebral disc. Because of these injuries petitioner filed suit in damages against the liability insurer of Ronald C. Rhyne, the State Farm Mutual Automobile Insurance Company. It is stipulated by both parties that a liability insurance policy issued by defendant, covering Ronald C. Rhyne was in effect at the time of the accident with limits of $10,000 as damages to any one person, $20,000 as damages from one accident, and $5,000 property damages. After trial below, the Lower Court rendered judgment in favor of petitioner in the' amount of $4,881.16 together with interest and costs. The petitioner has taken an appeal seeking an increase in damages, and the defendant has taken an appeal seeking a diminution in damages.
There is no queston before the Court as to the facts surrounding the accident itself. It is conceded by the parties that the injuries to petitioner, if any, were caused by the negligence of the defendant’s assured. The only question raised in this suit is to the injuries to the person of petitioner as well as the amount to be awarded in compensation thereof. The medical testimony was supplied by several eminent doctors who testified on behalf of both parties. Dr. Milton Holt, a general practitioner of Baton Rouge, Louisiana, was the first doctor to examine petitioner after the accident, and was the doctor who actually treated petitioner for the injuries therein sustained. Dr. Holt testified that he first saw petitioner during the afternoon of April 14, which was the date of the accident, at which time peti *360 tioner complained of a sore neck. The doctor advised petitioner to return for further examination the following day as the doctor testified that it normally takes a period of some few hours before an injury of the nature as sustained by petitioner would become apparent. On the following day petitioner returned to Dr. Holt, at which time he was examined, and Dr. Holt diagnosed the condition as a whiplash injury.
In all, petitioner made approximately twenty-two visits to Dr. Holt, during which he was given physiotherapy treatments to the neck. In addition thereto, he was given certain injections and medication designed to assist the healing process as well as to relieve the soreness. The last visit to Dr. Holt was made by petitioner on May 16, 1958, at which time the doctor discharged him to return to light work. It was the doctor’s opinion that in another couple of weeks the healing process to the neck should have been complete and petitioner should have been able to resume his normal duties. Although the doctor testified that the neck injury was, in his opinion, moderately severe, he stated that at no time did petitioner complain to him of any back injuries or any soreness in such area.
Dr. Joseph M. Edelman, a neurological surgeon, practicing in Baton Rouge, testified on behalf of the defendant. He stated that he examined petitioner on September 10 as well as September 16, 1958, at which time he was given the history of the accident as well as the ensuing’ complaints of petitioner. Dr. Edelman testified that the patient was referred to him by Dr. M. J. Donahue who thought that there was a possibility of a ruptured intervertebral disc. Thorough examination on the part of Dr. Edelman, however, showed no evidence of such a condition. He testified that there was a slight narrowing of the space between the fifth lumbar and the first sacral interspace, which was the result of a degenerative arthritic change in the patient’s back. During his examination, Dr. Edel-man conducted an electromyogram, which is approximately 90 to 95% accurate in the localization of a disc injury and this test was negative.
Dr. Francis C. McMains, an orthopedic surgeon of Baton Rouge, also testified on behalf of the defendant. Dr. McMains testified that he examined petitioner on June 8, 1959 and that he found certain justifications to the complaints of the pain in petitioner’s back. Dr. McMains, however, testified that in his thinking, he could not connect these complaints to the accident because the patient did not have any discomfort in his low back for a period of approximately four weeks after the accident. He was of the opinion that the petitioner did not have a ruptured interverte-bral disc.
Dr. I. L. George, an orthopedic surgeon, testified on behalf of petitioner that he examined petitioner on February 5, 1959. Dr. George stated that his examination disclosed a certain nerve root compression which was probably caused by a protruding intervertebral disc. However, the doctor did state that if there was a disc injury, that the petitioner would have been unable to continue in his duties as a heavy-duty mechanic.
The record discloses that at the time of the accident petitioner was an obese man of 49 years. At the time of the accident he was working as a mechanic. As a result of the accident, he lost time from his work from April 14, 1958, until May 26, 1958, at which time he was released by Dr. Holt to resume light work. Subsequent to his return to his employment, he resumed the duties of a heavy-duty mechanic which, the record discloses, consists of repairing heavy equipment, and in which it is required that heavy articles be lifted. The petitioner resumed these duties for some few weeks until he was discharged for some reason which is not made very clear by the evidence. The Lower Court, considering the medical testimony, held that the petitioner did sustain a whip *361 lash injury as a result of the accident, however, concluded that no disc injury resulted from the accident. Dr. Edelman, along with Dr. McMains and Dr. Holt, all testified that the back injury or the back complaint was the result of a degenerative arthritic change in the patient’s back, which is not at all unusual considering the petitioner’s age and build. These doctors all testified that if the condition of his back was a result of the accident such condition would have become apparent sooner and that petitioner could not have pursued his occupation as heavy-duty mechanic under such conditions. We feel that the weight of the evidence is in favor of the conclusion that the back condition, if any, did not result from the accident, and the Lower Court was therefore correct in reaching such a conclusion.
We now come to consider the amount of quantum allowed by the Lower Court. Said Court allowed petitioner the sum of $1,881.16 for loss of wages and medical bills. According to the evidence which was submitted, we find that, subsequent to the accident, petitioner remained out of work for a period of two months. Prior to the accident he was working for Ross Cox at a weekly wage of $125. Subsequent to the accident, he did not return to his former employer, but went to work for Allen Chevrolet Company on June 14, 1958, doing light work at a weekly salary of $40. Petitioner remained with this employer until August 2, and then commenced working for Barber Brothers on August 6, at $128 per week.
Dr. McMains testified that petitioner should have been able to resume his normal occupation after some eight to ten weeks following the accident. The testimony of Dr. George, however, discloses that on February 10, 1959, there was still some restriction to motion of the neck, and he testified that the petitioner was still complaining of pain to the neck.
Although we are unable to determine exactly how the Lower Court reached its award of special damages, it appears that the said award of $1,881.16 includes medical expenses of $309.60, thus reducing the amount allowed for loss of wages to the sum of $1,571.56 to be fair and adequate and not excessive.
As to the award for physical injuries by the Lower Court in the sum of $3,000, it certainly appears to this Court that the said award was neither inadequate nor excessive. The parties hereto have cited several cases on the question of quantum, most of which do not concern whiplash injuries. Baker v. United States Fire Insurance Company et al., La.App., 89 So.2d 405, involved a whiplash injury in which the Jury awarded damages in the amount of $5,600. Said award was affirmed by the Upper Court. However, in that case it appears that the damages suffered by petitioner were of a much more serious nature than those presently before us. In that case petitioner was in the hospital for a period of at least one week, and she suffered certain permanent disability. !We believe that the decision in Downs v. Hartford Accident and Indemnity Company, La.App., 116 So.2d 712, is more appropriate to be used in determining the award in the present case. In that case the petitioner suffered a modern ately severe whiplash injury, which, according to the testimony of Dr. Holt, was the same type of injury received by petitioner in the present case. In the Downs case several cases dealing with whiplash injuries are cited in which the awards run between $1,500 to $3,500. Although the Lower Court did not cite any decisions in support of its award of quantum it is certainly within reason to the amount as awarded in the Downs case as the award for injury in both cases was in the sum of $3,000. We believe that said award below was reasonable.
American Automobile Insurance Company intervened in the present case against defendant for the sum of $270, which represents workmen’s compensation payments paid to petitioner as a result of the said *362 accident. The Lower Court granted such award as aforesaid. There is no dispute as to this award by either parties.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by .defendant.
Judgment affirmed.