124 So.2d 610 (1960)
Therrill F. DOWIES et ux.
v.
TRADERS & GENERAL INSURANCE COMPANY.
No. 99.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Rehearing Denied December 14, 1960.
E. M. Nichols, Lake Charles, for plaintiffs-appellants.
Anderson, Hall, Raggio & Farrar, by Thomas L. Raggio, Lake Charles, for defendant-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
SAVOY, Judge.
This matter is on appeal filed by plaintiffs from a judgment of the district court awarding them damages. The plaintiffs' main complaint is that the award by the trial judge is inadequate.
This is an action sounding in tort instituted by plaintiffs, husband and wife, respectively, against defendant, Traders and General Insurance Company, insurer of one Wilse E. Kleckley, arising out of a motor vehicle collision which occurred on November 14, 1958, wherein the car owned by Mr. Kleckley struck the rear end of the car owned by plaintiff, Therill F. Dowies.
The evidence discloses that both cars were traveling at a slow rate of speed in an easterly direction toward the Chennault Air Force Base, Lake Charles, Louisiana, for the purpose of visiting the air base on that day.
An examination of the record satisfies this Court that the sole and proximate cause of the accident was the negligence of Mr. Kleckley in striking the Dowies car from the rear.
Shortly after the accident, Mrs. Dowies was transported by ambulance to the Lake Charles Memorial Hospital, Lake Charles, Louisiana, where she was treated by Dr. V. A. McCann. On the following day Dr. McCann referred Mrs. Dowies to Dr. Edmond C. Campbell, an orthopedic surgeon, who treated her from that date until he discharged her on March 30, 1959. During this period of treatment, Dr. Campbell prescribed for Mrs. Dowies traction for her neck and also a neck brace. Dr. Campbell was of the opinion that plaintiff sustained a spraining injury to the cervical spine, or a so called whiplash injury, resulting *611 from the accident which occurred on November 14, 1958. Dr. Campbell also testified that he felt that Mrs. Dowies would be free from symptoms in connection with said accident in six months from March 30, 1959.
Plaintiff wife was also examined by Dr. Jerome W. Ambrister, an orthopedic surgeon, on January 11, 1960, approximately fourteen months after the accident. This was the only time that Dr. Ambrister saw Mrs. Dowies. He concluded that she had recovered from her injuries of November 14, 1958. He could find no objective symptoms for Mrs. Dowies' complaint of pain.
The record discloses that Mrs. Dowies was involved in three separate motor vehicle accidents, the first ocurred on November 2, 1958, the second on November 14, 1958, and the third and last accident on December 4, 1958.
Shortly after the accident of November 2, 1958, Mrs. Dowies visited in Oakdale, Louisiana, where she called on Dr. H. W. Richmond of the Hargrove Clinic for an examination, stating that she had been in an automobile accident. Dr. Richmond examined Mrs. Dowies and stated that she appeared nervous, but that he could find nothing wrong with her.
Counsel for defendant states that the judgment of the district court is correct and should be affirmed.
It is the further contention of counsel for defendant that since the first and third accidents in which Mrs. Dowies was involved were of a more serious nature than the one which occurred on November 14, 1958, that it is very possible that a portion of her injuries and resulting complaints were caused by the first and third accidents.
The trial judge after examining all the facts in the case determined that the injuries were received in the second accident. This Court cannot say that the trial judge was in error in arriving at his conclusion.
Counsel for defendant also argued orally and in his brief that the injury of plaintiff wife could not have been severe for the reason that when her husband's car was struck that the driver of the other car was driving at a slow rate of speed. The record reveals that the Kleckley car was driven at approximately five or ten miles per hour when it struck the car owned by plaintiff husband.
Dr. Ambrister, when asked by counsel for defendant his opinion as to which type of accident, namely, a headon collision or a rear end collision, would cause a more severe type of whiplash injury, stated that the one incurred in the headon collision would be more likely to produce a severe injury than the one from the rear. However, he said either can and does produce the same injury.
Dr. Ambrister also stated on cross examination by counsel for plaintiff that it was true that a fairly severe blow can be sustained from the front if the person is braced and there will be no injury, and vice versa, if they are not braced and had no warning, a comparatively minor blow can cause an injury; that if an individual is braced and is prepared for the blow, the muscles are tensed and do not receive as much flexion or extension as they would if they were not braced and prepared for the blow.
Dr. H. W. Richmond testified that Mrs. Dowies received no injury in the first accident, and it is difficult to tell from the record whether the third accident aggravated the injury received in the second accident.
The Court will next consider the question of quantum.
Plaintiff has asked that the award made to Mr. Dowies be increased from $100 to $250. Dr. David Buttross, Jr., an internist, examined plaintiff husband on one occasion and stated on the trial in the *612 lower court that in his opinion Mr. Dowies had suffered strain of the muscles of the neck; that he has not heard from said party since.
In view of this testimony, the award of the district court was ample and will not be disturbed.
The Court will next consider the award made to Mrs. Dowies. Both sides have cited cases in support of their positions.
Plaintiff has cited the case of Downs v. Hartford Accident and Indemnity Company, La.App. 2 Cir., 1959, 116 So.2d 712, and the case of Mapes v. State Farm Mutual Automobile Insurance Company, La.App. 1 Cir., 1960, 121 So.2d 358.
In a well written opinion by Judge William A. Culpepper, the trial judge in the Downs case, supra, now a member of this court, which was adopted by the Court of Appeal, Downs was allowed $3,000 for a so called whiplash injury. In this case the Court found that plaintiff received a moderately severe whiplash injury, was never hospitalized, was never placed, in traction and never wore a collar brace, but he did suffer considerable pain and discomfort for a period of approximately nine months.
In the Mapes case, supra, the lower court awarded plaintiff $3,000, which award was affirmed by the Court of Appeal. In this case plaintiff was given physiotherapy treatments to his neck and was also given certain injections and medication designed to assist the healing process as well as to relieve the soreness. The accident occurred on the afternoon of April 14, 1958, and plaintiff was discharged on May 16, 1958, to do light work.
Counsel for defendant has cited the cases of Moses v. Southern Production Company, La.App. 1 Cir., 1958, 101 So.2d 485; Williamson v. Roberts, La.App. 2 Cir., 1958, 103 So.2d 499; Barr v. Royal Equipment Company, Inc., La.App. Orleans, 1959, 110 So.2d 131, Degeyter v. Trahan, La.App. 1 Cir., 1959, 113 So.2d 808.
The Moses and Williamson cases, supra, were discussed by the Court in the Downs case, supra. In the Moses case, supra, the Court awarded plaintiff $1,500, found that he had been hospitalized for thirteen days, that he left the hospital frequently to attend to business and other affairs, and there was no showing of any pain or discomfort after plaintiff left the hospital.
In the Williamson case, supra, the Court awarded plaintiff $1,500 for a whiplash injury and lacerations about the head and face. Here again, there was no mention in the Court's opinion about any prolonged pain and discomfort.
In the Barr case, supra, the Court found that the plaintiff wife had compromised a similar claim, namely, a whiplash type strain, for $1,000. The Court also found it difficult to accord complete credibility to the testimony of Mrs. Barr herself.
In the Degeyter case, supra, the Court allowed plaintiff $1,150 and found that plaintiff suffered a mild to moderate whiplash injury, but that he completely recovered from this injury within a period of two months.
After reading the cases cited by counsel for both sides and the record in the case, the Court is of the opinion that the award made to Mrs. Dowies is inadequate and should be increased to the sum of $2,500.
For the written reasons assigned, the judgment of the district court is amended so as to increase the award made to Mrs. Dowies in the sum of $1,500 to the sum of $2,500, and as amended is affirmed.
The costs of this appeal are to be paid by defendant-appellee.
Amended and affirmed.