HALL, Judge.
Mrs. Andrew Frechou filed this suit against Mrs. Josephine R. Young and her public liability insurer seeking damages for personal injuries sustained by her as the result of an automobile collision which occurred on October 24, 1962, when the car ■driven by Mrs. Frechou, being at a stop in ■obedience to a red traffic light, was run into from the rear by an automobile driven by Mrs. Young. Mr. Frechou joined in his •wife’s suit claiming the damages incurred by him in the form of medical expenses and automobile repairs. Defendants prosecute this appeal from a judgment awarding damages in favor of Mrs. Frechou in the sum of $8,250.00 and in favor of her husband in the sum of $1,178.74.
Defendants admit liability but contend that the amount of the Trial Court’s award to Mrs. Frechou is grossly excessive and amounts to an abuse of the Court’s discretion. Defendants do not contest the amount of the award to Mr. Frechou.
The Trial Court found as a fact that Mrs. Frechou sustained the following physical injuries as a result of the accident: (a) a cervical sprain or whiplash injury to her neclc, (b) a lumbo-sacral sprain, (c) an injury to her chest and general contusions. The Trial-Court also found that Mrs. Fre-chou was suffering from a conversion neurosis brought about by the accident. On the basis of these findings the Trial Judge on February 26, 1965 rendered a judgment in Mrs. Frechou’s favor for a total of $5,500.00 consisting of an award of $2,500.-00 for her physical injuries and $3,000.00 for the conversion neurosis, but, following a rehearing granted on plaintiff’s motion, the Trial Court on March 17, 1965, rendered the judgment appealed from, which increased the total damages awarded in favor of Mrs. Frechou from $5,500.00 to $8,250.00. In his Reasons for Judgment the Trial Judge itemized his $8,250.00 award as follows:
For the cervical sprain $3,000.00
For the lumbo-sacral sprain 1,000.00
For the chest injury and general contusions 1,250.00
For the conversion neurosis 3,000.00
Total $8,250.00
A careful review of the record reveals no manifest error in the Trial Court’s findings that the various injuries were in fact sustained by Mrs. Frechou as a result of the accident. The sole question remaining is whether the $8,250.00 award for these injuries is so grossly excessive as to amount to an abuse of the Trial Court’s discretion.
A consideration of this question necessarily involves an examination into the extent, severity and duration of such injuries and the pain, anxiety, discomfort and inconvenience occasioned thereby.
The record reveals that immediately after the accidént Mrs. Frechou complained of pain in her neck and back and of an injury to her chest caused by being thrown forward against the steering wheel. She was momentarily stunned by the impact but recovered sufficiently to drive the car home. *700 Her neck and back got stiffer that night and the following day, October 25, 1962, she visited a clinic where she was examined by Dr. I. I. Fontenelle, a general practitioner. Dr. Fontenelle testified that he found her suffering from “multiple contusions of the right shoulder, lower breast bone, and left upper part of the abdomen, and a muscular injury of her neck.” He prescribed medication for pain and another preparation designed to relieve the muscle spasm. Dr. Fontenelle did not tell her to return. Mrs. Frechou did not see Dr. Fontenelle again but instead on October 29, 1962, saw a Dr. Wischer, at the same clinic, who had previously performed a hysterectomy on her. Mrs. Frechou testified that Dr. Wischer had some x-rays made and told her he couldn’t find anything wrong with her. Dr. Wischer did not testify.
According to Mrs. Freeholds testimony her pains during the next week or ten days became so severe that she was unable to walk or even straighten up. Her attorney recommended that she consult Dr. Walter Brent, an orthopedist.
Dr. Brent testified that Mrs. Frechou visited his office on November 8, 1962 complaining of pain in her neck, across her shoulders, and in the low back area. He found a marked spasm of her cervicle muscular structure, a limitation of motion in her neck and elicited pain in her low back area, although he found no muscle spasm in the low back and no limitation of motion there. Her condition indicating that hospitalization was necessary, Dr. Brent had her admitted to Hotel Dieu on November 9, 1962, where she was kept in traction and given relaxants for her muscles and demerol for pain. Following her discharge from the hospital on November 21, 1962, Dr. Brent continued to treat her with muscle relaxants and pills for pain. He also gave her diathermy and intermittent neck stretches, and had her purchase a neck collar and a lumbo-sacral corset both of which he told her to wear during waking hours. Dr. Brent discharged her from active treatment on February 7, 1963, at which time he noted very little complaints of pain in her neck. However, she still complained of pain in her low back region and occasional headaches. Dr. Brent could find no objective basis for her low back pains and felt “she-could return to work.” She was still wearing the corset at the time and he told her to wear the corset whenever she felt the need, although he felt she “could get away from it.” It was Dr. Brent’s opinion that Mrs. Frechou had had an acute cervicle sprain and a mild lumbo-sacral sprain, and that she was completely cleared of her injuries as of February 7, 1963.
However, at the instance of her attorney Mrs. Frechou went back to see Dr. Brent on March 5,1963, on August 19,1963, and again on February 8, 1965. On each of these occasions her complaints were of pains in her lower back and on each occasion Dr. Brent gave her a thorough orthopedic examination but could find nothing orthopedically wrong with either her back or her neck.
Flowever, when he examined her on August 19, 1963 he found that she had lost considerable weight and recommended that she get a check-up by her family doctor.
On October 7, 1963, Mrs. Frechou visited Dr. J. T. Nix, a general surgeon, for a check-up. Fler complaints to him at the time were of an infected nose and stomach trouble with vomiting. Dr. Nix prescribed Equanil for tension and had her admitted to Hotel Dieu on October 28, 1963, for various tests relative to her internal organs. Following the tests which were completed on November 2, 1963, Dr. Nix diagnosed her trouble as “stomach spasm and internal and external hemorrhoids,” and prescribed for this condition. Thereafter Mrs. Frechou was seen by Dr. Nix on November 12, 1963, for a post-hospital check-up, and on February 27, 1964, when she complained of dizziness. He prescribed sedatives and a drug to increase her appetite. Dr. Nix saw her again on February 27, 1964. On this occasion she complained to Dr. Nix for the first time of pain in her back. Based on a visual examination Dr. Nix concluded that Mrs. Frechou had a lateral curvature of the *701 spine and “thought” the left leg was shorter than the right, a condition which he stated could cause hack pain. Dr. Nix could not say whether the back condition was congenital, postural or traumatic. He recorded no notation of muscle spasm. Dr. Nix last saw Mrs. Frechou on May 27, 1964, at which time she complained of increased back pains due to the corset she was still wearing.
On the recommendation of her attorney Mrs. Frechou consulted Dr. Gene L. Usdin, a psychiatrist. Dr. Usdin saw her on March 16, 1964, April 13, 1964, and January 23, 1965. Mrs. Frechou’s complaints to Dr. Usdin were of back pain, nausea and vomiting, increasing irritability and insomnia. Dr. Usdin first reviewed the medical reports of Dr. Brent and Dr. Nix and also the hospital reports and concluded from these reports that “there was no basis for substantiation of her symptoms on an organic idealogy.” After examination of Mrs. Fre-chou from a psychiatric standpoint Dr. Us-din concluded that her symptoms, particularly her present back pain, which had continued after her recovery from her initial sprain, was due to a conversion neurosis and that the conversion neurosis resulted from the automobile accident of October 24, 1962. He also stated that she had a moderately severe anxiety and depressive reaction secondary to her feelings of pain in the back area.
Defendants did not call any medical witnesses.
Defendants contend that Mrs. Frechou sustained no injury to her back; that whatever difficulty she has experienced in that area was due to one of her legs being shorter than the other. They also contend that there is no convincing proof that Mrs. Fre-chou has a conversion neurosis and that at any rate any damages due for this condition is included in the “cervical award” granted by the Trial Court. Defendants concede that Mrs. Frechou sustained a cervical sprain and general bruises and contusions but contend that $1,250.00 would be a fair award for the cervical sprain and that $150.00 would adequately compensate her for the bruises and contusions.
While Dr. Nix, after a superficial examination, was of the opinion that one of Mrs. Frechou’s legs was shorter than the other and that this could be the cause of the pain in her back, the fact that Mrs. Frechou underwent many thorough orthopedic examinations, aided by x-rays of the back, without such an abnormality being discovered and the fact that Dr. Brent, the orthopedist, found that her back pain was due to a lumbo-sacral sprain leaves no doubt in our minds that she actually sustained such a sprain as one of the results of the accident. We are also of the opinion that as of February 7, 1963, she was completely cleared of her physical injuries from an orthopedic standpoint and that her subsequent complaint of back pain was due to the conversion neurosis from which Dr. Us-din testified she was suffering. There is no suggestion anywhere in the record that Mrs. Frechou was malingering.
We find that the Trial Court’s-award of $3,000.00 for the cervical sprain is not excessive under the jurisprudence See: Ford v. State Farm Mutual Automobile Insurance Company, La.App., 139 So.2d 798; Hilton v. Bankers Fire & Marine-Insurance Company, La.App., 134 So.2d 82; Landry v. Southern Farm Bureau Casualty Insurance Company, La.App., 125 So.2d 474; Mapes v. State Farm Mutual Automobile Insurance Company, La.App., 121 So.2d 358; Downs v. Hartford Accident & Indemnity Company, La.App., 116 So.2d 712; Watts v. Delta Fire & Casualty Company, La.App., 106 So.2d 752.
However, we find that the award of $1,-250.00 for Mrs. Frechou’s general bruises,, contusions and chest injury is grossly excessive. These injuries were so minimal that Dr. Brent did not even mention them in his testimony. Mrs. Frechou testified that although she complained of these injuries to Dr. Brent he told her “it was nothing.” Defendants contend that these injuries were of only five days duration, but we find that she was still complaining of *702 them when she entered the hospital some fifteen days after the accident. We are of the opinion that an award of $500.00 would "be ample compensation for these injuries. See Tate v. Norfolk and Dedham Mutual Fire Insurance Company, La.App., 153 So.2d 495; Gautreaux v. Orgeron, La.App., 84 So.2d 632.
AVe are of the further opinion that compensation for the lumbo-sacral sprain and the resultant conversion neurosis should he ■considered together, since it is impossible to tell at what time the back pain ceased to "be caused by the physical injury and became ■due to the neurosis. As far as Mrs. Frechou is concerned it was one, more or less continuous, back pain. We are of the opinion that the Trial Court’s award of $3,000.00 for the conversion neurosis alone is amply sufficient to compensate her for both her physical and her psychiatric suffering.
For the foregoing reasons the judgment appealed from is amended by reducing the .award in Mrs. Frechou’s favor from $8,-250.00 to $6,500.00; as so amended and in all other respects the judgment is affirmed, costs of this appeal to be borne by plaintif fs-appellees.
Amended and affirmed.