BOLIN, Judge.
Plaintiff instituted this suit against defendant, an adjoining property owner, for alleged damages to his property as a result of a dam being constructed by the defendant which partially encroached upon plaintiff’s land. Pursuant to a plea of vagueness, the plaintiff filed a supplemental petition wherein he outlined specific items of damages to his property which totaled the sum of $7500. After a trial on the merits, judgment was rendered in favor of plaintiff for $150, from which he prosecutes this appeal. Defendant has answered the appeal and asks that the demands of the plaintiff be rejected in toto.
In rendering judgment for the plaintiff, the district judge assigned written reasons for his findings in which he briefly but fully outlined the evidence and the issues. In any event, we find little dispute over the facts of the case which we will briefly state. Mr. Bardwell owned three lots with an over-all measurement of approximately 450 feet by 650 feet, and Mr. Maniscalco’s property adjoined same on the west. It appears that the natural drainage of the land in question flows from the west to the east; that a pond had previously existed which was partially located on both properties; that plaintiff’s land was drained by means of terraces running from east to west causing the water from such property to be drained into the pond, and thence to continue its flow to the east. After the defendant purchased his property, he desired to create a lake at the site of the pond by constructing a small dam. It was apparently defendant’s original intention to build a dam with the width at the top of approximately ten feet. There seems to be little dispute that the plaintiff agreed to the construction of a dam of this size and nature. However, prior to the actual construction, the defendant decided to construct a much larger dam which necessitated a portion thereof extending onto plaintiff’s property. The plaintiff also generally consented to the enlarged version of the construction, but with the reservation that same did not encroach upon any land belonging to him. In any event, the construction of the dam proceeded to its ultimate completion which resulted in a slight encroachment upon plaintiff’s land, and also diverted the flow of the natural drain causing the water to back up to some extent upon plaintiff’s property.
During the trial below, the principal defense urged by Mr. Maniscalco was that all of the construction work was done with either the express or implied consent of Mr. Bardwell; that at the very least, he was aware of all of the construction and was actually present and witnessed most of the work; and that he never offered any objection thereto. The defendant further alternatively contended that the plaintiff had not offered any proof as to the specific items of damage alleged in hie pleadings and, therefore, no judgment for any amount could properly be rendered. In this connection, we deem it appropriate to quote Article Two of the Supplemental and Amended Petition which sets forth the items of damages:
*86 “That the damages sustained by plaintiff due to the defendant’s actions as alleged in the original petition are as follows:

After listening to all of the witnesses, the trial judge apparently concluded that the plaintiff had not given his consent for the construction of the dam in the manner in which it was done. He further found that the plaintiff had not proved the specific items of damages as alleged. We quote the following from his opinion:
“We are not informed by the evidence of any damage suffered by plaintiff in the particulars described by him in his petition. He testified that he felt that he had been damaged in the amount of $7500, but he gave no information on which his estimate of damage was based. He did not testify that he had ever used his property for grazing purposes, and he did not testify how much of his land he used for agricultural purposes; and if so, whether he cultivated a plot ten feet square or otherwise. He did not testify that he had anything planted which was destroyed by any backwater; nor did he testify that he was prevented from planting any particular amount of the land in vegetables or otherwise.”
Even though the lower court found the plaintiff had not established his alleged damages with any degree of particularity, it did award nominal damages, and we quote the following from the opinion:
“We find no damage by reason of the construction of the culverts which extend 6(4 feet over plaintiff’s property line. However, defendant has encroached upon plaintiff’s land and has impeded the flow of water around the terraces, and by reason thereof, we think has damaged plaintiff to some extent. We fix the over-all damage at $150.00.”
It is evident from our study of the record that the trial judge was of the opinion that the defendant had damag-ed the plaintiff to some extent because of the construction of the dam in question which encroached upon the plaintiff’s land; that nominal damages were allowed because the plaintiff had failed to prove the specific items alleged. Our study of the record convinces us that the findings of the lower court are supported by the record and the-law. According to our well settled juris-, prudence, when a plaintiff has sustained some damages as a result of the fault of the defendant, his demands will not be rejected merely because he can not establish exactly the amount suffered. Under such circumstances, the court must fix the quantum as best it can, and in this connection *87 the trial judge is vested with much discretion. Green v. Farmers’ Consolidated Dairy Co., Limited, 113 La. 869, 37 So. 838 (1905); Wall v. Hardwood Mfg. Co., 127 La. 959, 54 So. 300 (1911); Schmidt v. City of New Orleans, 160 La. 281, 107 So. 110 (1926); Germann v. 557 Tire Co., Inc., 167 La. 578, 120 So. 13 (1929); Franklin v. Arkansas Fuel Oil Co., 218 La. 987, 51 So.2d 600 (1951); and Brantley v. Tremont & Gulf Railway Co., 226 La. 176, 75 So.2d 236 (1954).
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.