136 So.2d 89 (1962)
Mr. & Mrs. Christopher DOYLE
v.
William (or Bill) McMAHON and Doyne Brewer.
No. 204.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
*90 Porteous & Johnson, Benjamin C. Toledano, New Orleans, for defendants-appellants.
Gordon B. Hyde, New Orleans, for plaintiffs-appellees.
Before YARRUT, SAMUEL and JOHNSON, JJ.
SAMUEL, Judge.
This is a suit for damages and personal injuries resulting from a collision between an automobile and a truck-trailer. The facts of the accident are not in dispute.
One of the plaintiffs, Mrs. Doyle, was the driver of the automobile. While she was stopped on South Broad Street at the Tulane Avenue intersection, in the City of New Orleans, and waiting for a signal light, her car was struck from the rear by a truck-trailer owned by one of the defendants and driven by his employee, the other defendant. She was injured in the accident. Mr. Doyle sued for the medical expenses incurred by his wife and for damages to the automobile. Mrs. Doyle brought suit for her own personal injuries.
The trial court awarded judgment in favor of the plaintiffs and the defendants have appealed only from that portion of the judgment which awarded $3,000.00 to Mrs. Doyle for personal injuries. In this court defendants contend that the award is excessive and should be reduced. Mrs. Doyle has filed an answer to the appeal seeking an increase in her award. Thus the only question presented by this appeal is one of quantum.
At the time of the accident Mrs. Doyle was 32 or 33 years of age, a housewife and the mother of three children. She was attended by a physician on the day of the accident and thereafter for a period of two months. The physician, Dr. A. N. Houston, who was the sole medical witness, testified that Mrs. Doyle had suffered a strain or sprain of the musculature and ligaments of the neck, the injury commonly referred to as "whiplash". He classified the injury as moderate or moderately severe and not attended with any nerve root injury, fracture or dislocation. He administered a total of twenty-one physical therapy treatments (hot packs and ultra sound), first on a daily basis and later on a less frequent schedule. She was given medication in the form of phenaphen, an analgesic drug for pain, and deranil, an antirheumatic type of drug for muscular strains and soreness. On the occasion of her last visit she had some tenderness and soreness about her right shoulder blade but at that time she felt that the pain was not sufficiently great to warrant her losing the time to go to the doctor's office for further treatment.
Mrs. Doyle suffered pain for approximately three and one-half months, after which her recovery was complete and without residual. She was never hospitalized and was not required to wear a neck brace or undergo traction. She drove her car on the fifth day following the accident.
We are satisfied from the record, and believe that the trial judge also was of the opinion, that Mrs. Doyle did suffer considerable pain and discomfort over the three and one-half month period and that her household responsibilities as the mother of three young children caused her to drive her car and perform her other usual work, *91 despite the added pain and discomfort resulting therefrom, much sooner than would ordinarily be expected.
There are many recent cases involving the question of the proper amount of damages which should be awarded to a plaintiff who has suffered a whiplash type of injury. We have limited our discussion of these cases to a few in which the injuries involved appear to closely resemble these incurred by the present plaintiff.
The injuries suffered by Mrs. Doyle were similar but less severe than those received in the following: Attaya v. Zimmerle, La. App., 83 So.2d 676, 678 (1955), in which the court awarded $2,500.00 for a "slight to moderate severe" whiplash injury received on March 5, 1954, which was still giving slight difficulty at the time of trial on June 30, 1955, where the plaintiff had not been hospitalized, was not required to wear a collar brace and had not lost any time from work; Lampkin v. United States Fidelity & Guaranty Co., La.App., 99 So.2d 147 (1957), in which the plaintiff, a 37 year old woman, was awarded $2,500.00 for a moderately severe whiplash injury resulting in confinement in a hospital for about ten days, treatment by traction and the wearing of a neck brace, the total period of disability being approximately nine months; and Dowies v. Traders & General Insurance Co., La.App., 124 So.2d 610 (1960), in which $2,500.00 was awarded for a whiplash injury, where the plaintiff was treated for approximately four and one-half months, would not be free from symptoms for approximately ten and one-half months and was required to undergo traction and to wear a neck brace.
On the other hand we feel that the injuries here involved were similar but more severe than in the following cases: Moses v. Southern Production Co., La.App. 101 So.2d 485 (1958), in which $1,500.00 was awarded for a whiplash injury resulting in a short (and apparently doubtful) period of hospitalization and medical treatment for about one month; Degeyter v. Trahan, La. App., 113 So.2d 808 (1959), in which $1,150.00 was awarded for a mild to moderate whiplash injury, with some contusions, from which the plaintiff recovered within a period of two months, although after several weeks following the accident he occasionally suffered mild pain in the neck.
We conclude that the sum of $2,000.00 is a reasonable compensation for the personal injuries sustained by Mrs. Doyle.
For the reasons assigned, the judgment appealed from is amended only insofar as to decrease the award in favor of the plaintiff, Mrs. Doyle, for her injuries, from the sum of $3,000.00 to the sum of $2,000.00. As thus amended, and in all other respects, the judgment is affirmed; plaintiff to pay the cost of this appeal, defendants to pay all other costs.
Amended and affirmed.