139 So.2d 798 (1962)
Curtis J. FORD et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and William J. Emmons, Defendants-Appellants.
No. 9693.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1962.
Wellborn Jack, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for defendants-appellants.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
This is one of two cases, ex delicto, presented by the appeals in the consolidated cases of Curtis J. Ford et al. v. State Farm Mutual Automobile Insurance Company and W. J. Emmons, and Thomas J. Stroud et al v. the same defendants, La.App., 140 So.2d 693. This litigation arises from an automobile accident involving four vehicles, *799 which occurred in Bossier City, Louisiana, on May 25, 1960. Prior to trial the defendants admitted liability and left for court determination only questions relating to quantum. Following judgment, the defendants have appealed on the ground that several of the allowances by the trial court were excessive and should be reduced. The appeals have been answered and appellees have requested increases of the amounts granted in the judgments.
Just prior to the accident out of which these claims arise, Curtis J. Ford stopped his automobile at an intersection of the 1700 Block of East Texas Street, a four-lane highway running generally east and west and separated by a dividing hump. The driver anticipated making a left turn and, while waiting for traffic to permit this maneuver, a car driven by one Rowley came to a stop immediately behind the car driven by Ford, and a second car driven by Douglas W. Stroud stopped behind the Rowley car, awaiting the movement of Ford. While the three vehicles were stopped, W. J. Emmons, whose insurer is the State Farm Mutual Automobile Insurance Company, crashed with considerable force into the rear of the Stroud car, which, in turn, was propelled into the Rowley car and the latter into the Ford vehicle. The Stroud car was severely damaged and required repairs costing $563.67. The impact was so severe that its front seat was loosened. Damage to the car of Curtis J. Ford, as evidenced by photographs, was confined to the rear bumper and only a dent of a minor nature is disclosed by the pictures.
Seated in the car driven by Curtis J. Ford were his wife, Mrs. Mildred G. Ford, his eleven year old daughter, Louise Ford, Patricia Ann Woods, aged twelve, and Mrs. Mary Lois Roberts Sullivan, mother of Mrs. Patricia Ann Woods. Injuries were suffered in the accident by Mrs. Mildred G. Ford, Louise Ford and Patricia Ann Woods. Suit was brought by Curtis J. Ford, individually, for medical expenses and damages to his automobile, and on behalf of the minor, Louise Ford. Mildred G. Ford presented her individual claim and Mary Lois Roberts Sullivan sued individually for loss of wages while caring for her daughter and made a claim as natural tutrix of her minor daughter, Patricia Ann Woods.
The trial court rendered judgment in favor of Curtis J. Ford, individually, in the amount of $43.83 for damages to his automobile, and in the sum of $333.73 for medical expenses incurred for his wife, Mildred G. Ford, and his minor daughter, Louise Ford; the sum of $3,000.00 for Mrs. Mildred G. Ford; $198.90 to Mrs. Mary Lois Roberts Sullivan for medical expenses and loss of wages in connection with the injuries to Patricia Ann Woods, and the further sum of $3,000 as tutrix for Patricia Ann Woods. It should also be observed that the decree rejected the demands of Curtis J. Ford on behalf of his minor daughter, Louise Ford, and by way of answer to the appeal this claim has been renewed.
The appellants contend the judge a quo erred in the award for pain and suffering of Mildred G. Ford, and the same contention is made with reference to the award to Mrs. Sullivan for the bodily injuries of her daughter, Patricia Ann Woods, it being asserted that recovery of both of these individuals was complete three weeks after the accident. It is further urged that these awards are not in line with the awards uniformly adjudged in cases involving similar injuries.
It must be recognized that awards for pain and suffering cannot be determined with exactness or according to any standard method of measurement. Our jurisprudence, with practical uniformity, does use the determination in previous cases as the guide by which to estimate damages for particular injuries in assessing the quantum of damages. Each case must be considered on the basis of its own factual circumstances with respect to its evaluation, and it must be realized that the rendition of any decision as to quantum necessarily involves somewhat of an arbitrary determination as to the monetary award for pain and suffering. *800 Such awards may vary greatly according to the facts and circumstances in each case. Accordingly, it is well recognized that the award of the trial judge in fixing damages for pain and suffering is largely in the discretion of the court a qua and ordinarily will not be disturbed. Wainwright v. Globe Indemnity Co., La.App., 75 So.2d 554 (2nd Cir., 1954); Distefano v. Delta Fire & Casualty Co., La.App., 98 So. 2d 310 (1st Cir., 1957); Goutierrez v. Travelers Ins. Co. (1st Cir., 1959), La.App., 107 So.2d 847; Mercier v. Jenkins (1st Cir., 1960), La.App., 121 So.2d 292.
With these legal principles in mind, we turn to the claims made by Mildred G. Ford and for Patricia Ann Woods. Following the accident Mrs. Ford and Patricia Ann Woods were taken to the North Louisiana Hospital and remained there for a period of five days under the medical care of Dr. Harry L. Rounsaville. Both patients were apparently in shock and each revealed muscle spasm in the cervical and lumbar regions of their bodies. On their discharge from the hospital the diagnosis of Mrs. Ford's condition was "cervical sprain, mild; lumbar sprain, mild, and acute anxiety neurosis." Following return to her home Patricia Ann Woods remained in bed some weeks. Mrs. Ford testified she was prevented from performing some of her house duties and asserted that she was still troubled with pain at the time of trial on April 5, 1961. In addition to pain experienced by Patricia Ann Woods in the cervical and lumbar region, she complained with reference to nose bleed, headaches, eyes, and some interruption of her menstrual cycle. Dr. Rounsaville was of the opinion that the latter complaints were not necessarily connected with the accident and considered that each one of the patients was substantially well within some weeks after the accident.
The allowance of $3,000.00 each for pain and suffering, past and future, to Mrs. Ford and Patricia Ann Woods does not appear excessive and will be affirmed. Claims made on behalf of Curtis J. Ford and Mrs. Mary Lois Roberts Sullivan for special damages as allowed by the trial court appear to be sufficiently proven and such awards are affirmed.
The answer to the appeal raises the question whether an allowance should be made to Curtis J. Ford on behalf of his minor daughter, Louise. Following the accident this young girl was taken to the hospital, x-rayed and discharged following the examination and stayed out of school on the day following the accident. The trial court commented that:
"Louise was not seriously injured in any way. It is apparent that she was frightened by her experience and no doubt concerned over being taken to the hospital. Both the examination and X-ray were negative and the court can find no reason for awarding damages for non-existent injuries. Her doctor testified she was running and playing in the hall shortly after he finished his examination."
Upon close examination of the record we note that Dr. Rounsaville testified that the child, upon initial observation, was extremely apprehensive, crying, and difficult to communicate with. It was his opinion that the child was, frankly, scared. Although it is difficult to say that the anxiety of the child was proximately caused by the accident, it is clear that her experience came as a result of the accident, and she suffered some pain in her chest. As the result of the application of LSA-C.C. Art. 2315, liability for torts contemplates redress to all who suffer injury as a consequence of commission of offenses or quasi offenses and includes recovery for mental pain and anguish, or fear, for which compensatory damages will be awarded, even though unaccompanied by physical injury. Quina v. Roberts, 16 So.2d 558 (Orleans Appeal 1944); Laird v. Natchitoches Oil Mill, 10 La.App. 191, 120 So. 692 (2nd Cir., 1929). It has been difficult for the writer to assess an award in this instance, such indecision *801 being effected by the nature of the collision and the testimony of the doctor. However, the majority of this court have found that some award should be made, and, accordingly, the sum of $250.00 will be allowed for Louise Ford.
In view of our findings as hereinabove set forth, the awards of the lower court are approved in favor of Curtis J. Ford, individually, for damages to his car and for hospital and doctor's bills for his wife; for Mrs. Mildred G. Ford for pain and suffering, past and future; for Mrs. Mary Lois Roberts Sullivan, individually, for medical bills for her minor daughter, Patricia Ann Woods, and loss of wages; and for Mrs. Mary Lois Roberts Sullivan as tutrix of her minor daughter, Patricia Ann Woods, for pain and suffering. The judgment will be amended by allowing to Curtis J. Ford for the use and benefit of his daughter, Louise Ford, for injuries suffered by the latter, in the amount of $250.00. In all other respects the judgment is affirmed. Appellants are taxed with costs of the appeal.