ALBERT TATE, Jr., Judge.
The plaintiff, Mrs. McDowell, was involved in a minor motor vehicle collision on February 3, 1960, when the car she was driving was struck by a trailer-truck owned by the defendant Diaz. Mrs. McDowell and her husband bring suit for the damages *635 thereby sustained against Diaz and his liability insurer. The trial court awarded judgment in favor of Mrs. McDowell for her personal injuries in the amount of $3,-500.00 and also in favor of her husband for stipulated special damages in the amount •of $171.62.
The defendants-appellants appeal on the ground that the personal injury •award is excessive. The plaintiffs-appel-lees answer the appeal and request an increase. The sole issue before us, thus, concerns the amount of the award.
As a result of the accident Mrs. McDowell suffered a whiplash injury to the neck producing spasms of the cervical musculature. According to the attending physician (who treated her four times during the week after the accident, then again on three occasions five months later, and then examined her again in January of 1962 on the eve of the trial), Mrs. McDowell suffered moderately severe neck whiplash injuries which normally would have cleared within three months after the accident but which persisted with complaints of neck pain and headaches for almost two years. The patient’s complaints of pain over this period were to some extent objectively corroborated by neck spasm. The attending physician felt, however, that with medication and treatment the patient would within a short period after the trial, which was almost two years after the accident, be cured without residual.
The defendants produced the testimony of another medical specialist who had examined the patient eight months after the accident and who found that the patient’s complaints of stiffness and soreness of the neck were to some extent corroborated by objective findings.
The uncontradicted lay testimony supports Mrs. McDowell’s history of continually recurring headaches and neck pain over the two years following the accident, fatiguing in nature and producing some limitation of activity.
The plaintiffs-appellees contend on the one hand that the award is manifestly insufficient; the defendants-appellants on the other that the award is manifestly excessive. In support of their opposing contentions, the parties cite various decisions concerning awards in allegedly comparable instances.
In Ford v. State Farm Mutual Auto. Ins. Co., La.App. 2 Cir., 139 So.2d 798, our brothers of the Second Circuit set forth, correctly in our opinion, an appropriate standard for appellate review of awards for personal injuries, as follows, 139 So.2d 799-800:
“It must be recognized that awards for pain and suffering cannot be determined with exactness or according to any standard method of measurement. Our jurisprudence, with practical uniformity, does use the determination in previous cases as the guide by which to estimate damages for particular injuries in assessing the quantum of damages. Each case must be considered on the basis of its own factual circumstances with respect to its evaluation, and it must be realized that the rendition of any decision as to quantum necessarily involves somewhat of an arbitrary determination as to the monetary award for pain and suffering. Such awards may vary greatly according to the facts and circumstances in each case. Accordingly, it is well recognized that the award of the trial judge in fixing damages for pain and suffering is largely in the discretion of the court a qua and ordinarily will not be disturbed.”
Applying this standard, we find the award of $3,500 for the present personal injuries to be neither manifestly excessive nor manifestly insufficient, and to be in accord with awards in comparable instances, e. g.: Ford v. State Farm Mut. Auto. Ins. Co., above-cited ($3,000); Hilton v. Bankers Fire & Marine Ins. Co., La.App. 3 Cir., *636 134 So.2d 82 ($3,000); Lawrence v. Great American Indemnity Co., La.App. 2 Cir., 107 So.2d 338 ($3,500); and Watts v. Delta Fire & Cas. Co., La.App. 1 Cir., 106 So.2d 752 ($3,500). (The first three cases concern whiplash injuries initially more severe than the present, but which did not produce as prolonged discomfort and pain.)
The defendants-appellants rely heavily on Doyle v. McMahon, La.App, 4 Cir., 136 So.2d 89, in which this court reduced a housewife’s award for moderately severe whiplash injuries from $3,000 to $2,000. In the cited decision, the housewife was completely cured of pain and without further residual from the accident in three and one-half months. The case is distinguishable on that account from the present situation, wherein the present plaintiff housewife’s pain and discomfort persisted for at least two years after the accident.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.