149 So.2d 172 (1963)
Hubert FONTENOT et ux., Plaintiffs-Appellants,
v.
Douglas SNOW et al., Defendants-Appellees.
No. 754.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
*173 Charley Quienalty, Lake Charles, for plaintiffs-appellants.
Plauche & Stockwell, by Fred H. Sievert, Jr., Lake Charles, for defendants-appellees.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
This is a personal injury suit. The trial jury gave its verdict in favor of the plaintiffs. The plaintiffs alone appeal; they contend that the awards are manifestly insufficient.
The sole question before us on appeal thus concerns quantum.
On July 18, 1961, the plaintiff Mrs. Fontenot was riding as a passenger in a vehicle driven by Mrs. Robert Grady. While stopped for a traffic light, the Grady vehicle was struck from the rear by another vehicle driven by Mrs. Douglas Snow.
By the present suit, Mrs. Fontenot brings suit for her personal injuries sustained in the accident, joined by her husband, who asserts the community's claim for his wife's medical expenses which resulted from the accident. Consolidated with the present suit both at the trial and on this appeal is a similar suit by Mrs. Grady, the driver of the car in which the plaintiff was riding, with Mrs. Grady's husband as co-plaintiff. Grady v. Snow, 149 So.2d 175. Made defendants in both suits were Mrs. Snow (the driver of the other vehicle involved), her husband, and her liability insurer.
The jury awarded each of the plaintiff husbands the actual medical expenses incurred prior to the trial (Mr. Fontenot, $370 and Mr. Grady, $325) and awarded the plaintiff wives respectively $200 (Mrs. Fontenot) and $300 (Mrs. Grady) for their personal injuries.
All of the plaintiffs appeal to this court, urging that the ladies' awards for their personal injuries be increased, so as to be consistent with other awards made for similar whiplash injuries, and also urging that the husbands are entitled to an additional award to cover future medical expenses.
Since the questions involved in both appeals are so similar, we will review both awards in the present opinion, although we will render a separate decree in the companion Grady suit.
At the time of the trial, both ladies still complained of residual effects from the accident, being headaches and soreness, and both stated that their complaints had produced limitation of their social and sports activities.
However, as the trial court noted in rejecting the plaintiffs' motion for an additur, the jury was apparently not impressed with the complaints of the witnesses, and it also was not impressed with medical testimony in their favor to the extent that such testimony was based upon subjective complaints rather than objective findings. An appellate court should not disturb the evaluation of the accuracy of the witnesses by the jury as the trier of fact, in the absence of manifest error.
Under the jury's determination as expressed by its minimum awards ($200 and $300), the complaints of long-continued and severe pain and of substantial restriction of activities will therefore be disregarded as not proven. The plaintiff husbands, further, are not entitled to any additional award for future medical expenses, since the jury accepted testimony that by the time of trial their wives were cured without residual.
Based solely upon objective findings (since by the jury evaluation we discount subjective complaints), we find the medical evidence shows the following:
As to Mrs. Fontenot: Immediately after the accident of July 18, 1961, the initial medical *174 examiner found Mrs. Fontenot's neck motion restricted and also found evidence of muscle injury (indicated by spasm) resulting from the whiplash injury, which symptoms persisted on re-examination two days later. However, on the initial examination of Mrs. Fontenot by her attending orthopedist four days after the accident, there was no evidence of spasm, although there was still restriction of neck motion. The orthopedist diagnosed her injury as a moderate cervical strain. He prescribed three weeks of daily physiotherapy, with heat treatments and traction. Symptoms of tightness of muscle and restriction of neck motion, which the physician regarded to be objective in nature, persisted until early December, 1961, about four and one-half months after the accident. Tr. 247-249. An orthopedist who examined Mrs. Fontenot on December 29, 1961, found no evidence of residual from the initial neck sprain
As to Mrs. Grady: This lady's injuries were diagnosed by the attending physician as a quite severe sprain of the neck. She underwent three weeks of daily physiotherapy, with heat treatments and traction. The orthopedist felt that the acute manifestations had subsided by September, although there were flare-ups and re-manifestations subsequently. She was still being treated at the time of the trial, a year after the accident. An orthopedist who examined her on behalf of the defendant found on December 29, 1961, five and one-half months after the accident, that she was still suffering from a mild cervical strain, as objectively instanced by mild spasm, and that she should completely recover in two to three months. (This latter orthopedist also found this spasm present on April 17, 1962, four months later, but gave evidence from which the jury could reasonably have concluded that this continued residual resulted from another minor collision in March, 1962, intervening between his first and his second examination)
With regard to appellate review of these awards, the following principles are applicable:
The trial court has much discretion in the award of general damages for pain and suffering, since such awards of necessity are somewhat arbitrary in nature and must vary greatly according to the facts and circumstances of each caseupon appellate review, therefore, the trial court's award should not ordinarily be disturbed. However, awards should also be made with some degree of uniformity in instances involving comparable injuries, to the end that awards will not be out of proportion with one anothertherefore, upon appellate review, an award should be appropriately adjusted if, after taking into consideration the great variation in circumstances surrounding each injury, an award is nevertheless manifestly excessive or insufficient in the light of awards made for similar injuries.
See, inter alia: McFarland v. Illinois Central Railway Co., 241 La. 15, 127 So. 2d 183; Broussard v. Lormand, La.App. 3 Cir., 138 So.2d 677; Dark v. Brinkman, La. App. 3 Cir., 136 So.2d 463; Scott v. Lumbermen's Mutual Casualty Co., La.App. 3 Cir., 134 So.2d 553.
In Cassreino v. Brown, La.App. 4 Cir., 144 So.2d 608, 611, it was stated recently:
"[W]hiplash awards fall into approximately three main groups:
"(1) Awards in excess of $5000 are common for those producing permanent disability or severe pain of prolonged duration. See, e. g.: Self v. Johnson, La.App. 3 Cir., 124 So.2d 324 ($9,237.50); Dillon v. Pope, La.App. 1 Cir., 110 So.2d 229 ($5,000); Bartholomaus v. H. G. Hill Stores, Inc., La.App. 4 Cir., 97 So.2d 82 ($6000); Baker v. U. S. Fire Ins. Co., La.App. 1 Cir., 89 So.2d 405 ($5,600).
"(2) Awards in the area of $2500-$3500 are common for those producing severe initial pain and with however only a short period of residual discomfort, *175 or for those producing less severe pain but a relatively long period (e. g., a year or two) of residual discomfort or disability. See, e. g.: Ford v. State Farm Mut. Auto. Ins. Co., La.App. 2 Cir., 139 So.2d 798 ($3,000); Hilton v. Bankers Fire and Marine Ins. Co., La. App. 3 Cir., 134 So.2d 82 ($3,000); Landry v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 474 ($3,500); Frass v. Marquette Cas. Co., La.App. 4 Cir., 125 So.2d 174 ($2,500); Downs v. Hartford Accident and Ins. Indemnity Co., La.App. 2 Cir., 116 So. 2d 712 ($3,000).
"(3) Awards in lower amounts for whiplash injuries producing moderate or slight pain, which are cured without residual in a matter of weeks [months]. Doyle v. McMahon, La.App. 4 Cir., 136 So.2d 89 ($2,000); Townsend v. Maniscalco, La.App. 2 Cir., 128 So.2d 906 ($1,500); Elder v. Travelers [Indemnity] Ins. Co., La.App. 1 Cir., 125 So. 2d 694 ($750); Degeyter v. Trahan, La. App. 1 Cir., 113 So.2d 808 ($1,150, involving minor or moderate pain and complete recovery within two months)."
Able counsel for the plaintiffs-appellants forcefully argues that the injuries in question fall at least in the second category of whiplash awards, those producing a relatively long period of residual discomfort or disability. However, under the jury evaluation, we must conclude that the plaintiffs have proven only a mild spraining injury, producing moderate pain, which was cured within about four months for Mrs. Fontenot and within about seven months for Mrs. Grady, producing some limitation of motion and pain or discomfort, gradually decreasing, from the time of the accident until the cure.
Under all the circumstances reflected by this record, we think that Mrs. Fontenot is entitled to an award of $1000 and Mrs. Grady to one of $1500. See, e. g., Townsend v. Maniscalco, cited above.
For the foregoing reasons, the judgment of the trial court is amended by increasing the award to Mrs. Fontenot for her personal injuries from Two Hundred Dollars to One Thousand Dollars; as thus amended, the judgment is affirmed in all other respects. Defendants-appellees to pay the costs of this appeal.
Amended and affirmed.