153 So.2d 165 (1963)
Joe Henry WHITE, Plaintiff-Appellee,
v.
Joel L. ROBBINS et al., Defendants-Appellants.
No. 847.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1963.
*166 Hall, Raggio & Farrar, by J. L. Cox, Jr., and Edgar F. Barnett, Lake Charles, for defendant-appellants.
Baggett & Hawsey, by Wm. B. Baggett, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
This is a personal injury suit. The only serious issues of this appeal relate to quantum.
As a result of the defendant Robbins's negligence, the plaintiff White sustained a so-called whiplash injury when his car was struck from the rear by the defendant Robbins's vehicle. White sues Robbins and the latter's liability insurer.
The trial court awarded White general damages of $2500 for his pain and suffering resulting from his personal injuries. In addition, the plaintiff was awarded $550 for partial disability, as well as proven special damages (which are not in dispute).
The defendants by their appeal urge that the trial court's award is excessive. The plaintiff White answers the appeal, praying for an increase.
1. Award for pain and suffering.
White's "whiplash" incident caused ligamentous and muscle injury which persisted with moderate pain and discomfort, including reasonably severe headaches, for five and one-half months. During this period, White required fairly intensive therapy and medical treatment. He was cured with minimal residual.
Able counsel for the defendants-appellants attacks the award of $2500 for these personal injuries as excessive in the light of other awards for whiplash accidents producing symptoms longer in duration. See, e.g., Hickman v. Bawcom, La.App. 3 Cir., 149 So.2d 178 ($3000); Grady v. Snow, La. App. 3 Cir., 149 So.2d 175 ($1500); Santangelo v. North River Ins. Co., La.App. 1 Cir., 144 So.2d 212 ($2500). (Cf. also, Fontenot v. Snow, La.App. 3 Cir., 149 So.2d 172, where an award of $1000 was made for symptoms persisting four and one-half *167 months.) Likewise, the plaintiff-appellee cites certain awards for allegedly comparable injuries in support of his argument that the present trial court's award should be increased.
It is true that awards made should not be all out of proportion with previous awards made for somewhat similar injuries. Broussard v. Lormand, La.App. 3 Cir., 138 So.2d 677; Doyle v. McMahon, La.App. 4 Cir., 136 So.2d 89.
However, in using the awards made in previous cases as a guide to evaluate the award of damages for the particular injuries involved in a subsequent case, the reviewing court must take into consideration that each case is decided on the basis of its own peculiar factual circumstances, which may vary greatly from case to case even involving somewhat similar injuries. Sullivan v. Diaz, La.App. 4 Cir., 145 So.2d 634; Ford v. State Farm Mutual Auto. Ins. Co., La.App. 2 Cir., 139 So.2d 798; Scott v. Lumbermens Mutual Cas. Co., La.App. 3 Cir., 134 So.2d 553. Since an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with the facts and circumstances of each case, the trial court is entrusted with large discretion in making such awards, which discretion ordinarily should not be disturbed on appellate review. LSA-Civil Code Art. 1934(3); McFarland v. Illinois Central Railway Co., 241 La. 15, 16, 127 So.2d 183, 87 A.L.R.2d 246, and cases previously cited.
Thus, on appellate review of a trial court award for pain and suffering, the question is not to calculate with any mathematical exactitude any fixed amount as alone proper under the circumstances, nor to attempt to reconcile widely variable and in fact irreconcilable past awards made for injuries which in the abbreviated appellate discussion of them seem somewhat similar. The function of the reviewing court is simply to determine whether the present trial court award is manifestly excessive or manifestly insufficient under all the circumstances of the present case.
With regard to the decisions cited by the defendants-appellants, for instance, in the present case now before us the plaintiff is shown to have suffered from more painful injuries, requiring more intensive and more painful medical treatment, than those involved in the cited cases, even though the duration of the present plaintiff's symptoms may have been somewhat less than in some of the cited cases. Likewise, the awards cited by the plaintiff-appellee in justification of his request for a higher award can be distinguished, if (in the light of our previous remarks) distinguished they need be, as involving instances where the residual pain and suffering was greater following the discharge by the attending physician than that of the plaintiff in the present case.
We find the present trial court's award of $2500 for the personal injuries herein to be neither manifestly excessive nor manifestly insufficient. See, e.g., Dowies v. Traders & General Insurance Co., La.App. 3 Cir., 124 So.2d 610; see also awards for somewhat similar injuries mentioned in Hickman v. Bawcom, cited above. Finding no abuse of discretion by the trial court therein, the award for pain and suffering will be affirmed.
2. Award for partial disability.
Defendants-appellants also question the trial court's award of $550 for partial disability. The trial court made this award on the basis of a claim in the petition for "Disability from date of accident to present (for loss of wages)".
The defendants-appellants contend that the award was improper because the claimant was unable to prove any specific loss of earnings.
The plaintiff White was an insurance salesman on a commission basis. During the five and one-half months after the injury, he underwent 230 hours of medical treatments during his working days. In *168 addition, he was not able to cover his territory as thoroughly because of the traumacaused restriction of his activities, and he was a less effective salesman during such time because of his recurring headaches.
As reflected by his last federal income tax returns, the claimant made gross commissions of $160-170 per week, with net earnings (after deducting car depreciation and other expenses) of $60-$90 per week over the two years preceding the accident. The claimant also produced evidence that he had only been able to place 32 applications for insurance during the six months following the accident, whereas during the similar period of the preceding year he had placed 60 applications.
In the present instance, we think that the plaintiff has undoubtedly proved that he suffered some loss in earnings because of his loss of efficiency and of his lost time for medical treatment resulting from his personal injuries. Such constitutes a monetary loss additional to that suffered by, for instance, an unemployed housewife who sustained the same personal injuries as did plaintiff. (For example, such lost-time earnings could easily have been established had the injured plaintiff been an employee paid by the hour or the day.)
As stated in American Employers Insurance Co. v. Schoenfield, La.App. 4 Cir., 144 So.2d 595, 597: "One injured through trespass or fault of another is entitled to full indemnification for the damages caused thereby, and, where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all the facts and circumstances of the case. LSA-C.C. Art. 1934(3); Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236; Bardwell v. Maniscaloo, La.App. 2 Cir., 135 So.2d 84; Farthing v. Neely, La.App. 3 Cir., 129 So.2d 224; Sutherlin Sales Co. v. United Most Worshipful, etc., La.App. 4 Cir., 127 So.2d 253; Harrison v. Petroleum Surveys, Inc., La.App. 1 Cir., 80 So.2d 153."
Similarly, in allowing a dentist to recover for loss of income because of decreased working hours during disability, we stated, Stevens v. Dowden, La.App. 3 Cir., 125 So.2d 234, 237: "A claim for loss of earnings need not be proved with mathematical exactitude, but only by such proof as reasonably establishes the claim. White v. Halliburton Oil Well Cementing Co., La. App. 1 Cir., 185 So. 68. In cases where there is a legal right to recovery and an exact estimation of damages cannot be made (as in this case, where ordinarily the professional man cannot prove with any exactness which patients he did not see or attend to during his absences from the office or his shorter working hours, although by the nature of the occupation the more hours he spends attending to patients the greater is his income), the courts have discretion to assess reasonable monetary damages based upon all the circumstances of the loss."
We find no error or abuse of discretion under the circumstances in the present award of $550 to the plaintiff for partial disability during the five and one-half months that he was under fairly intensive medical treatment following the accident. See, e.g., similar awards made for self-employed persons during proven disability as a result of a tort-caused injury in Mercante v. Southern Bell Tel. and Tel. Co., La.App. 1 Cir., 148 So.2d 875, and Jobe v. Credeur, La.App. 3 Cir., 125 So.2d 487.
The defendants-appellants cite Stanford v. Bateman Frozen Foods Co., La.App. 1 Cir., 149 So.2d 753, as authority for their contention that the award for partial disability should be disallowed. This decision is distinguishable, as concerning the disallowance of an award for future disability of a wage-earner, where the partial disability or restriction in activities was not reasonably shown to have resulted in any economic loss and was therefore compensated within the general award of damages for the personal injury rather than as a separate item.

*169 Decree.

For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are assessed against the defendants-appellants.
Affirmed.