GULOTTA, Judge.
This matter is on appeal from a judgment awarding damages for personal injuries sustained as a result of an automobile accident.
The jury rendered a verdict in favor of plaintiff, William M. Floyd, individually, and against the defendants, the City of New Orleans and the Travelers Insurance Company, in solido, in the sum of $504.99. The said amount constituted special damages. The jury rendered a further verdict in favor of the plaintiff, Mrs. Patricia T. Floyd and against the City of New Orleans and Travelers Insurance Company, in soli-do, in the sum of $8,000.
While the question of liability was contested in the trial court, the matter on appeal relates only to a question of quantum for personal injuries. There is no issue on appeal on the question of liability or on the award for special damages in the amount of $504.99.
The basis of defendant-appellant’s appeal is that the jury award in the sum of $8,000 for injury, pain, and suffering awarded to Mrs. Floyd is excessive.
The record reflects that Patricia T. Floyd, wife of/and William Floyd filed suit in July, 1967, against the City of New Orleans, William E. Demery, and the Travelers Insurance Company, seeking damages for injuries received by Mrs. Floyd as a result of an accident which occurred in the 6900 block of U. S. Highway 90 in the City of New Orleans on the 26th day of October, 1966. Because of the restricted nature of the appeal, there is no necessity to discuss the facts concerning the accident except to the extent that Mrs. Floyd sustained injuries as a result of the said collision involving an automobile driven by her and a truck driven by Demery, an employee of the City of New Orleans.
The record further reflects from the testimony of Dr. Ray Haddad, a specialist in orthopedic surgery, that Mrs. Floyd was seen by him on October 31, 1966 and that she complained at that time of injury to her neck and to her forearm. She had previously been seen by Dr. Paul Naccari who diagnosed Mrs. Floyd as having a bruised area' of the forearm measuring two or three inches as well as a muscle injury in the area of the neck causing pain in this area and restricting the motion of the neck. X-rays were negative as to fracture. Testimony revealed that muscle spasm remained for approximately four to six weeks.
Treatment prescribed was physiotherapy in the nature of diathermy and, in addition, head halter traction. She received therapy from October 31, 1966, through November and into December, approximately two or three times a week, and less frequently in January, February, and March of 1967. Further treatment involved the use of a surgical collar for about three or four weeks.
During the entire time that Mrs. Floyd was receiving therapy and treatment and while wearing a surgical collar, she continued to attend her classes at the university *334 where she was a student and continued to carry out her responsibilities in practice teaching. However, she continued to have pain and headaches in February and further testified that she suffered headaches intermittently for approximately six months after the accident.
At the time of discharge in May, 1967, according to the testimony of Dr. Haddad, there were only occasional complaints of discomfort. Evidence revealed periodic discomfort and pain subsequent to date of discharge in May of 1967.
As a result of the injury, the testimony reflected Mrs. Floyd was unable to carry out her family responsibilities in connection with her duties at home for a period of approximately four months.
The question before us is solely and entirely whether or not the award to Mrs. Floyd was excessive in view of the injuries sustained by her.
In determining whether the amount of the award is excessive, this Court must consider each factual situation presented to it. In Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, 156 (1963) the Supreme Court of the State of Louisiana on rehearing stated that in fixing quantum of damages, each case must necessarily depend upon its own particular facts.
Further, in Sullivan v. Diaz, La.App., 145 So.2d 634 (1962), and in Ford v. State Farm Mutual Automobile Insurance Company, La.App., 139 So.2d 798 (1962) it was stated that awards for pain and suffering should not be determined by a fixed standard.
Later, the Supreme Court in the case of Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967) rejected the categorization of whiplash injuries and required the Court to consider the specific symptoms of pain and discomfort, their severity, effect, and duration.
The Court in the Gaspard case, cited herein above, stated on page 160 that ex-cessiveness or insufficiency is a factual matter to be considered by the reviewing court.
“The function of the reviewing court is simply to determine whether the present trial court award is manifestly excessive or manifestly insufficient under all the circumstances of the present case.”
In Harney v. Kountz, 218 So.2d 913 (1969) this Court stated:
“With regard to quantum for personal injuries, it is now well established that each case must be decided largely on the facts and circumstances surrounding the particular injuries involved and that amounts of awards in similar cases are relevant for the exclusive purpose of determining whether the award is so excessive or so inadequate as to constitute an abuse of the ‘much discretion’ vested in the trial court. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.”
In the case of Brumfield v. Fisher, 235 So.2d 145 (1970) this Court reiterated the rationale in the case of Gaspard v. LeMaire, supra, that appellate courts are constrained not to disturb an award of damages of a district judge unless it is evident from the record that there was an abuse of the broad discretion inherent in the trial court.
While the court should not disturb an award of the trial court unless it is manifestly erroneous and unless there is an abuse of discretion, nevertheless it is the clear duty and responsibility of the court to do so when the amount is clearly excessive in view of the circumstances surrounding the particular injury.
In the case of Taylor v. Allstate Insurance Co., La.App., 205 So.2d 807, 811 (1967), the court stated:
“But when we are convinced that an award in the trial court is manifestly er *335 roneous, whether the award be determined by judge or jury, we are compelled to alter said award to its proper level.”
Further, in Pennington v. Justiss-Mears Oil Co., 242 La. 1, 134 So.2d 53 (1961), the appellate court reduced the award where it found abuse of discretion.
Also, in the matter of McFarland v. Illinois Central Railroad Company, 241 La. 15, 127 So.2d 183, 187 (1961), the Louisiana Supreme Court stated:
“The award is always subject to review by an appellate court.”
In the Brumfield case, supra, the court reduced an award from $4,000 to $2,000 for injuries consisting primarily of a flex-ion-extension injury of the cervical area together with a low back sprain. In the Harney case, supra, the court reduced from $10,000 to $6,000 the award for personal injuries.
Further, in the case of Trahan v. Lewis, La.App., 223 So.2d 511, the court, in finding the award in the trial court excessive, reduced the amount from $8,000 to $4,000.
While much discretion is reposed in the trial court and in a jury award, a consideration of the injuries of Mrs. Floyd as well as the duration of the injury, pain and suffering compel us to conclude that the award was excessive and not consistent with other decisions involving similar injuries, Fulco v. Lumbermen’s Mutual Casualty Company, La.App., 110 So.2d 871; Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71; Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; Latour v. New York Fidelity and Casualty Company, La.App., 223 So.2d 694.
This Court is of the opinion that the amount of the award for the personal injuries received by Mrs. Floyd should be reduced from $8,000 to $4,500.
For the reasons assigned, the judgment appealed from is amended only to the extent of reducing the award for injury, pain, and suffering in favor of plaintiff, Mrs. Patricia T. Floyd from $8,000 to $4,500. As thus amended and in all other respects the judgment appealed from is affirmed. Costs of the appeal are to be paid by plaintiff-appellee.
Amended and affirmed.