LEMMON, Judge.
Mr. and Mrs. Cecil Russell, Sr. appeal, as inadequate, a judgment for personal injuries and medical expenses against an uninsured motorist and Allstate Insurance Company, the liability insurer of the Rus-sells under the uninsured motorist provisions of the policy. Allstate neither appealed nor answered the appeal, and the issue is simply whether or not to increase the award. The uninsured motorist has been discharged in bankruptcy.
Mrs. Russell was injured on February 3, 1968, when her vehicle was struck from the left side by one driven by the uninsured motorist. She was taken to Baptist Hospital, where she was examined by Dr. Robert E. Rogers, a general surgeon who had never treated her previously. She was complaining severely, and because she was extremely obese and an examination of the abdomen was difficult, Dr. Rogers could not rule out the possibility of internal injuries. He therefore ordered her hospitalized.
Mrs. Russell was hospitalized for twelve days although no internal injuries were subsequently found. Dr. Rogers attributed this extended period of confinement primarily to her bitter complaints of pain in her back and of numbness in her left leg, which he could never explain. He diagnosed a soft tissue strain of the lumbar area and neck. Dr. Rogers explained that she ordinarily would have gone home in about three days, but he kept her until there was no further benefit from hospitalization.
*707 As an additional complication, Mrs. Russell suffered from dermatitis. When this skin condition was aggravated by whirlpool and massage, this therapy had to be discontinued, further extending her recuperative period.
After the hospitalization, Dr. Rogers saw her two more times. Because he was unable to make any positive findings as a basis for her persistent complaints, he referred her to an orthopedic specialist.
The orthopedist first examined her about five weeks after the accident and stated “she does not have any clinical or radi-ographic findings of serious injury.” Because of her persistent symptoms, he suggested a trial of physical therapy. Four weeks later, her condition was essentially unchanged. After an additional six weeks the orthopedist reported improvement in the low back and neck areas, and suggested weight loss and local heat to relieve the symptoms which he' felt would subside with additional time.
Mrs. Russell did not consult the orthopedist again, but did see Dr. Rogers about four months after the accident. However, this last visit followed a second accident in which she suffered similar injuries.
On the date of trial, slightly more than two years after the accident, Mrs. Russell had lost 52 pounds, but felt that her condition had not improved since the last time she had consulted the orthopedist. She complained of pain after activities such as walking the children to school or going to the grocery store on foot. She also complained, and her husband verified, that she often was unable to sleep because of back pain.
It is undoubtedly true that Mrs. Russell suffered pain because of the accident, and that her weight problem and skin condition were detriments to a normal recovery. However, the degree of this suffering must be measured by positive medical testimony, which is lacking here, or by persuasive testimony of the plaintiff herself. As to the latter, much weight must be given to the impression of the trial judge.
The trial judge awarded $540.70 in hospital expenses, $230.00 in doctor bills, and $1,750.00 in general damages for pain and suffering. While we may have awarded a greater amount of general damages, had we acted as trial judges, we are unable to find an abuse of discretion sufficient to warrant an increase in the judgment.
As stated by the Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), quoting White v. Robbins, 153 So.2d 165, (La.App. 3 Cir. 1963) :
“Since an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with the facts and circumstances of each case, the trial court is entrusted with large discretion in making such awards, which discretion ordinarily should not be disturbed on appellate review.
“Thus, on appellate review of a trial court award for pain and suffering, the question is not to calculate with any mathematical exactitude any fixed amount as alone proper under the circumstances, nor to attempt to reconcile widely variable and in fact irreconcilable past awards for injuries which in the abbreviated appellate discussion of them seem somewhat similar. The function of the reviewing court is simply to determine whether the present trial court award is manifestly excessive or manifestly insufficient under all the circumstances of the present case.”
Accordingly, the judgment of the district court is affirmed, plaintiff to bear all costs of this appeal.
Affirmed.