MILLER, Judge.
This case was consolidated for trial and appeal purposes with Johnson v. Aetna Casualty & Surety Company et al., 274 So. 2d 769 (La.App. 3 Cir. 1973).
Plaintiff Louis A. Robinson, a Deputy Sheriff, was driving the Chevrolet patrol car when defendant Mrs. Lillian Jackson drove the Mercury through a red light and darted in front of the patrol car. For the reasons assigned in Johnson, we affirm the trial court judgment finding that (1) defendant Mrs. Jackson’s negligence was the sole legal cause of the accident; (2) defendant Aetna’s omnibus insurance coverage on the Mercury did not cover Mrs. Jackson because the named insured gave written notice and oral instructions to its employee permittee R. X. Chauvin prohibiting him from letting one in Mrs. Jackson’s class drive the vehicle; and (3) that defendant State Farm’s non-owned automobile exclusion did not apply because Mrs. Jackson reasonably believed that she had permission of the owner to drive the Mercury.
*777 QUANTUM
The trial court awarded Robinson $4,000 in general damages and $380.50 in special damages for medical expense. State Farm seeks to reduce the award for general damages to $2,000 and Robinson answered the appeal seeking an increase to $7,500.00.
Robinson was taken to the hospital by-ambulance. He was in a dazed condition and unable to communicate. He was diagnosed with superficial lacerations of the scalp and fractured ribs of the anterior chest. Although the fractures did not show on X-ray, he was treated for several-weeks for the fractures. He was hospitalized for five days and had to remain in bed for one week after his discharge from the hospital. He wore a rib belt and took pain killers for several weeks. He returned to limited work one month after the accident.
He had facial abrasions and there was some mild scarring resulting from the facial lacerations and abrasions. After discharge from the hospital Robinson had trouble with swelling in his forearm because of glass still imbedded therein.
Since an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with the facts and circumstances of each case, the trial court is entrusted with large discretion in making such awards, which discretion ordinarily should not be disturbed on appellate review. White v. Robbins, 153 So.2d 165 (La.App. 3 Cir. 1963); Gaspard v. Le-Maire, 245 La. 239, 158 So.2d 149 at 158 (1963).
We do not find an abuse of the trial court’s discretion in making the award for damages.
The trial court judgment is affirmed. Costs of the appeal are assessed to defendant State Farm Mutual Automobile Insurance Company.
Affirmed.