SARTAIN, Judge.
This suit arises out of an automobile accident wherein the car in which the plaintiffs, Henry Molden, Sr., his wife, Juanita, their two children, Henry, Jr. and Chiquita, and a niece, Odessa Washington, were riding, was struck from the rear by defendant Michael Wood.
The plaintiffs have appealed, seeking an increase in damages awarded to them in a judgment rendered against defendant Wood and his insurer, United States Fidelity & Guaranty Company. Defendants have answered the appeal and ask that the award of damages be reduced.
The sole issue presented here on appeal is that of quantum awarded by the lower court for pain and suffering and other general damages. For these elements of damage the trial judge awarded Henry Molden, Sr. $1800.00, Juanita Molden $1500.00, and Henry, Jr., Chiquita and Odessa $200.00 each.
For the reasons assigned below we affirm the lower court’s decision.
Pursuant to C.C. Art. 1934(3), a wide latitude of discretion is accorded the trial judge in assessing damages in cases of quasi offenses. This is necessarily so due to the uniqueness of any given factual situation. In construing the breadth of *386 this discretion, the Louisiana Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), cited with approval the following language from White v. Robbins, La.App., 153 So.2d 165:
“ ‘ * * * Since an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with the facts and circumstances of each case, the trial court is entrusted with large discretion in making such awards, which discretion ordinarily should not be disturbed on appellate review. * * * 158 So.2d 149, at p. 160.
The court stated further with respect to the appellate court’s function in reviewing the trial court’s award for pain and suffering that:
“ ‘the question is not to calculate with any mathematical exactitude any fixed amount as alone proper under the circumstances, nor to attempt to reconcile widely variable and in fact irreconcilable past awards for injuries which in the abbreviated appellate discussion of them seem somewhat similar. The function of the reviewing court is simply to determine whether the present trial court award is manifestly excessive or manifestly insufficient under all the circumstances of the present case.’ ”
The court thus came to the conclusion that “The primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused this great discretion vested in them by law.” 158 So.2d 149, at page 158.
In considering the role that prior awards in cases of similar injury should play in the court’s determination process, the court in Gaspard noted:
“ * * * As we now view the matter, entirely too much emphasis has been given to the goal of uniformity of awards for similar injuries, the appellate courts’ role in maintaining this uniformity has been extended too far, and adjudicated cases have been given too much weight in the appellate courts’ determination of the adequacy or inadequacy of awards. When the doctrine is urged as applicable, cases relied upon may be similar in that each of them involves a similar injury such as a broken arm, the loss of an eye or eyes, or the loss of some member of the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration. The primary purpose of the judge or the jury in fixing the award in a personal injury case is to adequately compensate the injured person for his injury under the facts shown to exist in his case. * * * If for the purpose of uniformity the amount of the award is to be determined and fixed within certain limits — a maximum and a minimum based on prior adjudicated cases — , the discretion vested by the Code in the judge or the jury may be destroyed or at least stringently curtailed. In view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration.”
With respect to the issue of damages, the trial judge exercising proper discretion stated in his written reasons for judgment as to quantum:
“Henry Molden, Sr. suffered an injury to the chest and a cervical strain or whiplash to the neck in the accident which occurred March 17, 1973. He missed a week of work according to the testimony of Freddie Molden, III, his brother and employer. Although Henry Molden testified that he was treated by Dr. Spedale for about four months, Dr. Spedale testified that the last time he saw the plaintiff was June 1st (corroborated by the bill submitted in evidence), *387 only two and one-half months after the accident. Dr. Spedale testified that such cases take three to six months, sometimes as long as ten years, for recovery. Less than five months after the accident Dr. F. C. McMains, orthopedic surgeon, examined both Henry Molden, Sr. and Juanita Molden and found both free of .objective orthopedic findings. Their symptoms were on a ‘historical’ basis, and there was no evidence of injury to either Juanita Molden or Henry Molden, Sr. as of August 8, 1973.
“Dr. McMains concluded that Juanita Molden appeared to have ‘had a mild sprain, from which she seems to me to have made a very satisfactory recovery.’ Her injury although similar to her husband’s was apparently milder than his, since she did not suffer a chest injury.
“The Court has read the cases cited by counsel for plaintiffs, and concludes the evidence in this case does not establish with sufficient certainty that the injuries suffered were as severe as those described in the cited cases.
“As to the three children, although Dr. Spedale testified that they had suffered concussions, contusions, and abrasions, the parents testified the children showed no visible sign of injury except for a knot or bump on the head of Henry Molden, Jr. which disappeared by next day. There was no bleeding. There were no cuts. As to the concussions the evidence of the plaintiffs is that the children were crying from the moment of the accident and continued to cry. None of the children was unconscious. Dr. Spedale defined the term as follows: ‘Concussion means when they’re knocked out. . . . ” The evidence is to the effect that the children were not knocked out. However, the court cannot conclude that the children were not injured at all, since the physician did administer treatment. The evidence as to the injuries suffered by these children leaves a great deal to speculation, and the Court , is not justified in awarding more than nominal damages, giving nevertheless some consideration to the fact that the children visited the doctor’s office for examination and/or treatment each time that Mr. and Mrs. Molden went. Presumably there was some medical reason for all these twelve visits. The parents testified that the children suffered some discomfort.”
Counsel for the plaintiffs relies solely on the deposition of Dr. Rhodes J. Spedale to challenge the trial court’s findings of fact with respect to the extent of injury suffered by the parties. To accept the testimony of this witness we would have to ignore much of the testimony adduced at trial and much of the testimony contained in other depositions.
With respect to the childrens’ injuries, even their own parents testified at the trial that the injuries were not to the extent that Dr. Spedale indicated in his deposition. As to Mr. and Mrs. Molden’s injuries, there was the deposition of Dr. F. C. McMains which greatly modified the extent of the injury suffered by them than was otherwise testified to by Dr. Spedale.
It is clear that the trial judge, viewing all the evidence, simply determined as a matter of fact what the extent of injury to each party was. With respect to resolving contested issues of fact, the Louisiana Supreme Court in Rhodes v. Sinclair Refining Co., 195 La. 842, 197 So. 575, at page 576 (1940), took the following position:
“There is no doubt that sharply contested questions of fact are generally more difficult to solve satisfactorily than questions of law. For this reason the rule is firmly established that where there is an irreconcilable conflict in the testimony an appellate court will not reverse the judgment of the trial court, if the evidence of the successful party, when considered by itself, is sufficient to sustain the judgment. The rule is peculiarly applicable where testimony taken in open court is the basis of the finding *388 of the trial judge. In such a case the finding must be given corresponding weight.”
Accordingly, we find that the trial judge’s well reasoned decision falls within the bounds of his legal discretion and is completely warranted on the face of the record. The award of damages is neither manifestly excessive nor manifestly deficient. For these reasons, the trial court’s decision is affirmed with all cost of this appeal assessed to the plaintiff.
Affirmed.