REGAN, Judge.
The plaintiff, Robert S. Dupuy, instituted this suit against the defendant, Southern Bell Telephone and Telegraph Company, endeavoring to recover the sum of $20,222.-00, representing personal injuries and property damage incurred as the result of a rear-end collision with the defendant’s truck which occurred while he was stopped in the left southbound lane of the Airline Highway awaiting traffic to clear in the northbound lane so as to safely execute a left turn into Ferris Place.
The defendant answered, and asserted in defense of the foregoing suit that its truck was pushed into the rear of the plaintiff’s automobile when it was struck from the rear by a third vehicle being operated by a person who has simply been designated by the defendant as Robert LeBlanc.
The trial hereof occurred before a jury, which returned a verdict in favor of the plaintiff in the amount of $1,231.00, together with interest and costs. Judgment was rendered in conformity with this verdict by the lower court.
From the foregoing judgment, the defendant has prosecuted this appeal.
To reiterate, the record reveals that the plaintiff was stopped in the left lane of the Airline Highway at a point where the highway intersects Ferris Place. He was waiting for traffic on the opposite side thereof to clear in order to execute a left turn into Ferris Place.
While the plaintiff’s vehicle was in this position, a pick-up truck owned by the de *877 fendant and operated by an employee struck the plaintiff from the rear. The defendant L. explanation thereof asserts that the driver of its truck observed the fast approach' of the LeBlanc[1] vehicle but could do nothing to avoid a rear-end collision, and as a result of this impact its truck was driven into the rear of the forward car.
The foregoing elucidation reveals that the only question of fact posed for the jury’s consideration was whether the defendant’s truck struck the rear of the plaintiff’s automobile with its own motive force or whether it was propelled by the impact emanating from the collision with the LeBlanc vehicle.
The jury obviously accepted the plaintiff’s version of the manner in which the accident occurred and, therefore, concluded that the proximate cause thereof was the negligence of the driver of the defendant’s truck in fail-» ing to safely bring his vehicle to a stop.
The question which this appeal has posed for our consideration is whether that finding of the jury was so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The jury accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment is, therefore, correct.
The plaintiff has answered the defendant’s appeal and requested an increase in the award of damages. His medical expert testified in substance that he suffered a cervical sprain, which included a pulling of the ligaments and muscles of the neck. He did not discontinue his employment, and the record reveals that he endured some discomfort for about four to six weeks. Under these circumstances, we are unable to conclude that the jury abused its discretion in its assessment of monetary damages.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant is to pay all costs hereof.
Affirmed.

. LeBlanc was not summoned and never appeared as a witness for the defendant m connection with the trial hereof.