YARRUT, Judge.
Plaintiff (James Alphonse, the only appellant), was injured on April 26, 1964, about 1:20 A.M., when the car he was driving was struck in the rear by an automobile driven by Defendant’s insured while it was stopped at a red light at the intersection of Royal and Canal Streets in New Orleans. Judgment was in favor of the Plaintiff for a total of $1,727.20, of which $502.20 was for medical expenses, and $1,225.00 for pain and suffering. Plaintiff has appealed for an increase of the award to $5,000.00.
Liability was stipulated at the trial; hence, the only issue before us is quantum.
The only medical evidence, admitted by stipulation, are the reports of Dr. Carl H. *58 Rabin, the treating physician, and Dr. H. R. Soboloff, an orthopedist, to whom Plaintiff was referred.
Dr. Rabin diagnosed Plaintiff’s injuries as a severe cervical strain, marked by muscle spasm and limited vertebral mobility, together with a contusion of the chest. Dr. Rabin described Plaintiff’s restriction of movements as follows:
“NEUROMUSCULAR — On examination of the cervical vertebral zone, ■ there appeared to be fixation in the lower cervical segments and upon palpation, muscle spasm was noted extending into both trapezoid zones [large muscles on either side of the back]. Forward bending of the head and neck was restricted and there was no reversal of the cervical lordotic lateral trapezial spasm. Right and left lateral bending were limited to approximately 10 degrees at which time there was trapezial spasm. Right and left lateral rotation could be accomplished to approximately 20 to 30 degrees at which time there was again trapezial spasm. Motions of the shoulder joints were normal. Passive manipulation did not materially improve mobility.
“Examination of the dorsal vertebral zone revealed tightness of the paraverte-bral musculature bilaterally.”
Plaintiff received sixty-one ultrasonic physiotherapy treatments over a period of four months. He had to undergo these treatments daily for more than a month. Dr. Soboloff prescribed a Thomas cervical collar, which Plaintiff wore day and night for a month and a half. Plaintiff testified that, when he tried to remove the collar at night, his discomfort became so intense that he could not lie down, but was forced to sit up and finally had to replace the collar. The last occasion upon which Plaintiff consulted Dr. Rabin was on August 13, 1964, when the Doctor’s report indicated Plaintiff was still complaining of neck pain and headaches. An examination of Plaintiff at that time still revealed tightening of the right trapezius [back muscle] “on the right lateral rotation and right lateral bending.” In Dr. Rabin’s report he states that the symptoms would probably resolve themselves in four to seven weeks. At the time of the trial, Plaintiff suffered only intermittent headaches. Plaintiff testified that he was unable to work for two months and, for approximately a month and a half thereafter, was only able to work four hours per day.
Considering quantum, we find the award of $1,225.00 to be inadequate. Awards ranging from $1,000.00 to $1,500.00 were awarded in those cases where the injury was either a slight one or of short duration. See Fontenot v. Snow, La.App., 149 So.2d 172; Dupuy v. Southern Bell Telephone and Telegraph Company, La.App., 173 So.2d 876 and Winfree v. Consolidated Underwriters, La.App., 163 So.2d 377.
We conclude that an award of $3,-000.00 would fairly compensate Plaintiff for the injuries he suffered. Milone v. Toye Brothers Cab Co., New Orleans Public Service et al. La.App., 204 So.2d 83; Alexander v. Fidelity-Phoenix Insurance Company, La.App., 185 So.2d 102; Ford v. State Farm Mutual Automobile Insurance Company, La.App., 139 So.2d 798.
Each case must be decided on the facts and circumstances surroundings the particular injury involved, and awards in similar cases are relevant solely to determine whether the award of the district judge is so excessive or inadequate as to constitute an abuse of the wide discretion vested in him. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64. The Supreme Court recently reiterated that appellate courts should not disturb the trial judge’s award absent manifest error. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
However, in increasing the award, here, we are relying primarily on the peculiar facts and circumstances of the instant case. The severity of the Plaintiff’s injury; *59 the number of treatments he had to undergo ; the length of time which he was forced to wear a cervical collar; and the fact that he did not return to full-time work for almost four months, convince us that the award was manifestly inadequate.
For the above reasons the judgment appealed from is amended to award Plaintiff $3,502.20 (including the stipulated medical expenses of $502.20); as amended the judgment is affirmed; Defendant to pay the costs of this appeal.
Judgment amended and affirmed.