276 So.2d 733 (1973)
Harvie HEMPHILL, Plaintiff and Appellant,
v.
Robert KALTENBACH et al., Defendant and Appellee.
No. 4163.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
*734 Herman C. Clause, Lafayette, for defendant-appellant.
Davidson, Meaux, Onebane & Donohoe, by Edward C. Abell, Jr., Lafayette, for plaintiff-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is a suit for damages for defective construction of a residence. The plaintiff is Harvie Hemphill, owner of the dwelling. The defendant is Robert Kaltenbach, the building contractor. From an adverse judgment on the merits, the defendant appealed. Plaintiff answered the appeal, seeking an increase in certain items and damages for mental anguish.
The substantial issues are: (1) Was the construction defective? (2) If so, what was the cost of correcting the defects? (3) Is plaintiff entitled to damages for mental anguish?
The general facts are that plaintiff entered into a written contract with defendant to build a residence for a price, as amended, of $26,000. There was no architect. Plans and specifications were drawn by plaintiff and defendant.
After the house was completed, and plaintiff moved into it, he noticed numerous defects in the construction. Defendant repaired a few defects, but ultimately plaintiff filed this suit as to those defects which remained. In his petition, plaintiff lists defects and repairs totaling $7,548.75. The principal items are that the concrete slab is not level in certain places, a tub and lavatory are cracked, the exposed beams and ceiling of the large den are sagging, and the roof is uneven and bumpy to the extent that it must be completely removed and replaced.
At the trial a voluminous record was compiled, composed principally of the testimony of building experts called by plaintiff and defendant. The district judge has given written reasons in which he discusses this testimony in detail and reaches the correct conclusions. There is no need for any further comment on the evidence by us. We adopt as our own the findings of the trial judge as follows:

"I believe the plaintiff should prevail. The evidence
preponderates to establish that he has suffered the
following items of damage:
"The beams on the ceiling in the den
were exposed and sagging.
"Cost to repair ............................$ 928.87
"Joints of carport and patio ceiling were
poorly filled and unsightly.
"Cost to repair ............................$ 136.60
"Beam of patio roof was sagging
"Cost to repair ............................$ 41.62
"The workmanship in construction of the
roof was considered below standard.
Many beams were spliced and patched,
rather than being solid pieces, causing an
unevenness.
"Cost to repair ............................$ 5,219.80
"Supervision, Workmen's Compensation
and other insurance premiums required
would cost .................................$ 156.28
 __________
 TOTAL .....................$6,482.17"

In addition to the total cost of repairs set forth above, the trial judge awarded plaintiff $850 for the cost and inconvenience of living elsewhere during the estimated 30 days required to complete these extensive repairs. This award is entirely justified.
Defendant's principal contention on appeal is that the repair of the roof does not require that it be entirely removed and replaced. Defendant introduced the testimony *735 of two experts who opined that the rafters could be leveled with jacks and then rebraced at a cost of only about $200. We have carefully reviewed the testimony of these two experts and that of the experts called by the plaintiff. The evidence convinces us, as it did the trial judge, that the workmanship in the construction of the roof is so generally defective that it cannot be corrected except by removing and replacing the entire roof.
In his answer to the appeal, plaintiff seeks damages for mental anguish, citing Monteleone v. Boh Bros. Construction Company, 217 So.2d 754 (La.App.4th Cir. 1969) and the cases relied on therein. The district judge carefully considered this issue and decided "I just do not feel that plaintiff has produced evidence to establish this loss to a legal certainty as the law requires." We find no manifest error in this factual conclusion of the district judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.